# HAFETZ NECHELES & ROCCO
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110

TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

August 31, 2011

Hon. Frederick Block
United States District Court
Brooklyn Federal Courthouse
225 Cadman Plaza, East
Brooklyn, New York 11201

    Re:    *United States v. Pedro Espada*
               Criminal Docket No. 10-985 (FB)

Dear Judge Block,

      I write this letter to supplement the letter from the government regarding the discovery problems and to give the Court a sense of the magnitude of the problem that the defense is facing. In order to explain the problem facing the defense and why we are only realizing at this late date that we do not have all of the discovery, I first set forth a timeline of the electronic discovery. This timeline sets forth the government's repeated representation that all of the electronic discovery had been produced to the defense in February 2011—a representation the government made as recently as Monday of this week—and it explains when and how the defense came to realize that this representation was erroneous.

**1. Timeline of Discovery:**

      **December 14, 2010:** The Espadas were indicted.

      **February 1, 2011:** Government produced to the defendants electronic discovery. In a letter enclosing the production, Mr. Kaminsky stated that he had produced *all* of the electronic data that the FBI had seized in its search of Soundview on April 21, 2010. However, the

government did not provide an inventory of what electronic data had been copied from Soundview and was purportedly being provided to the defense.

**February – August 2011**: Because the files were produced in a format that apparently is exclusively used by the government, the defense had difficulty accessing them. With the government's IT specialist's assistance we finally were able to access some, but not all of the files. However, the defense did not realize that there were files that we had not accessed.

**July 20, 2011**: Defense received a binder of "hot documents" from the government. Upon review of the binder we realized that there were some documents in this binder which we had never seen. We searched for but could not locate these documents in the electronic discovery. We asked the government for a list of what files the government copied from the Soundview server and a list of computers that were copied, so that we could verify whether we received all of the discovery. We also asked for a list of documents the government received from the auditors, McGladrey, since there appeared to be documents that we had not received. We did not receive either list.

**August 17, 2011**: Because the defense continued to insist that we could not find in the discovery documents that were in the binder of "hot documents," the prosecutors arranged for defense paralegals to again speak with Agent Bart Donohue, the government's IT specialist, who explained there were files in the computer data that the defendants had received in February but which had not been "extracted" properly, and which therefore the defense did not know existed. The prosecutors once again assured the defense team that we had in our possession copies of *all* of the electronic data that had been seized by the government. Based on this assurance, the defense believed that we would find the missing documents in the data that had just been extracted. However, after reviewing the data that we were now able to access, the defense still was unable to find some of the "hot documents" and therefore concluded that we still were missing data. Again, the defense asked the government for a list of all of the computer files that had been copied and which supposedly had been produced to the defense so that we could verify that we indeed had received all of the discovery.

**August 23, 2011**: Prosecutors wrote a letter in which the government again insisted that they had produced images of the computers in question to the defense. Attached to this letter, the government for the first time provided to defense counsel a copy of the list of the files that the government had copied from Soundview's server. It was apparent to the defense after we received this letter that we had never received in discovery the *vast majority* of the electronic data seized by the government from Soundview. Specifically, the government had failed to provide to the defense data from six computers that the government had imaged at Soundview.

HAFETZ NECHELES & ROCCO

Five of those computers were the computers that were used by the individuals who will be three of the government's main witnesses.[1]

**August 25, 2011**: The defense wrote a letter to the government explaining all of the discovery problems we were having and stating that we believe that we were still missing both electronic discovery and documents in the government's possession.

**August 29, 2011**: The government responded to the defense letter again assuring the defense that we were "in possession of all of the electronic material that was taken from 731 White Plains Road on April 21, 2010 pursuant to the execution of a search warrant" and that the material was provided to us on February 1, 2011. The government also provided more paper discovery that it had not previously provided, but this was a minimal amount of documents.

Upon reviewing the government's letter the defense became even more certain that we had not received copies of six of the computers that the government had imaged. We called the government to discuss this. The government insisted that they had provided us with copies of these computers but agreed to provide to the defense a new hard drive, containing *all* of the electronic material that was seized by the government in its search of Soundview. The government asked that we bring to the government's office the hard drives that they had produced to us, so that they could examine it. The government could not meet to provide the new hard drive until August 31.

**August 31, 2011**: This morning my paralegals met with the government, including the government's IT specialist. He examined the hard drives that the government had produced to us and agreed that the government had failed to produce to the defense data from six of the computers that the government imaged at Soundview. As agreed, the government had a new hard drive for the defense.

## 2. The Magnitude of the Discovery Problem:

The computers whose data that the government failed to produce to the defense were the computers that were used by three individuals who we expect to be important government witnesses. Obviously these are critical computers. Indeed, it was because we could not locate these witnesses' emails and files, and then saw that the "hot documents" binder contained some of these emails, that we began to insist to the government that there must be further electronic discovery that we had not received.

---

[1] The government notes in its letter that these computers are still located at Soundview. This is true. However, because until last week the defense believed the government's repeated representation that the government had given the defense copies of everything it had copied, the defense never went to Soundview to review these computers. There was no need to do that - we believed the government had already provided us with a mirror image of these computers. The defense believed the government's repeated assurance that they had provided us with all seized electronic discovery and relied upon this representation.

HAFETZ NECHELES & ROCCO

The government, thus, has found critical documents—indeed documents that they have termed "hot documents"—in these computers. The defense had not even begun to review these computers for materials which may put these "hot documents" in their proper context.

Today my paralegals began to try to determine the volume of the materials in the six computers that we just obtained from the government. We are, however, experiencing significant problems in attempting to convert the images into a reviewable form. It appears that some of the materials that were provided to us today cannot be accessed from a Microsoft Windows-based computer, which is what exists in my office and in most law offices. We will be working with the government to attempt to get access to the materials that the government seized.

Because we have not been able to access the newly produced data, we cannot even begin to estimate the volume of material that we just received today. We hope to be able to give the Court an estimate tomorrow.

### Conclusion

The defense does not accuse the government of deliberately not producing to the defense the six computers at issue here. We accept that this was just an error.

However, this error has caused a significant problem for the defense. We have worked for months in preparing our defense based on what we believed were the universe of relevant documents. Now we have to review what appears to be a voluminous amount of materials and go back through the different aspects of this case to see if any of the newly discovered documents change our analysis. This is a very time consuming task.

Accordingly, at tomorrow's appearance we will ask the Court for an adjournment of the trial date until January 2012. The government has said that it will not oppose such a request.

Respectfully submitted,

_____/s/_____

Susan R. Necheles