UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

PEDRO ESPADA, JR. and
PEDRO GAUTIER ESPADA,

          Defendants.

Cr. No. 10-985 (S-2) (FB)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR RELIEF FROM PROSECUTORIAL MISCONDUCT

Susan R. Necheles
HAFETZ NECHELES & ROCCO
500 Fifth Avenue, 29th Floor
New York, New York 10110
Telephone: (212) 997-7595
*Attorney for Defendant Pedro Espada, Jr.*

Russell Gioiella
LITMAN ASCHE & GIOIELLA
140 Broadway
New York, New York 10005
Telephone: (212) 809-4500
*Attorney for Defendant Pedro Gautier Espada*

Defendants Pedro Espada, Jr. ("Pedro Espada" or "Espada") and Pedro Gautier Espada ("Gautier Espada") submit this reply memorandum of law in further support of their motion for relief from prosecutorial misconduct.

The government appears to acknowledge in its Memorandum of Law in Opposition to Defendant[s'] Motion for Relief from Prosecutorial Misconduct (Docket Entry #72) ("Opposition") that when, as happened in this case, the government, for practical reasons, initially seizes all of the electronic data on a computer the entire contents, it must subsequently conduct a review of the data to separate those items specified in the warrant from those that were not. *See* Opp. Mem. at 10-13. What the government fails to admit in its Opposition, however, is that the required subsequent search was never conducted by the government, other than to segregate potentially privileged documents.. Instead of affirmatively describing the search that *should have* taken place to identify – and exclude from further review– the seized electronic data which was not within the scope of the warrant's authorization, the government argues why the required subsequent review need not be conducted by a team segregated from the government's trial team. *See* Opp. Mem. at 10-13.

But defendants do not argue that the subsequent review must be conducted by a team segregated from the trial team; defendants argue that the government must conduct a subsequent review designed to identify – and exclude from further review – electronic data and/or documents the government was not authorized to seize in the first instance. It is clear from the government's trial exhibit list, which includes numerous documents the government was not authorized to seize, such as Norma Ortiz's emails, that the government did not conduct this type of search subsequent to its wholesale seizure of electronic data from Soundview's computers. Its

failure to do so renders the search conducted at Soundview in April 2010 a prohibited general search.

For the reasons stated herein, and in defendants' initial Memorandum of Law in Support of Motion for Relief from Prosecutorial Misconduct, defendants respectfully request that the Court exercise its supervisory powers and hold an evidentiary hearing regarding how the government conducted the search and seizure in this case and how it has used and continues to use the files and other documents that it illegally seized.

Respectfully submitted,

DATED: New York, New York  
February 17, 2012

By: /s/Susan R. Necheles  
Susan R. Necheles  
Hafetz Necheles & Rocco  
500 Fifth Avenue, 29th Floor  
New York, New York 10110  
Telephone: (212) 997-7595  
Facsimile: (212) 997-7646  
*Attorney for Pedro Espada, Jr.*

/s/ Russell Gioiella  
Russell Gioiella  
LITMAN ASCHE & GIOIELLA  
140 Broadway  
New York, New York 10005  
Telephone: (212) 809-4500  
Facsimile: (646) 607-9643  
*Attorney for Pedro Gautier Espada*