

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2010R00420

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 21, 2012

By Hand Delivery and ECF

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Pedro Espada, Jr. et al.
           Criminal Docket No. 10-985 (S-2)(FB)

Dear Judge Block:

      The government respectfully writes to briefly respond to the defendants' February 17, 2012 letter setting forth objections and suggested additions to the government's proposed jury questionnaire (the "Government Questionnaire").

      The government does not object to the changes suggested by the defendants to the following questions in the Government Questionnaire: Question #3[1] (concerning native language); Question #10 (concerning spouse's education); Questions #15 and #16 (adding other professions to questions concerning experience in law); Question #22 (adding website visited to a question concerning television shows watched).

      The defendants' other objections and suggested changes to the Government Questionnaire should be rejected for the following reasons:

- <u>Defendants' Objection to Question #9</u>. The case involves tax charges; the jurors' basic experience — Do they fill out their tax returns? Do they review them if someone else fills them out? — is an appropriate area of inquiry.

---

    [1] Note that the question numbers refer the question numbers in the Government Questionnaire, not the numbered paragraphs in the defendants' February 17 letter.

- <u>Defendants' Objection to Question #11</u>.  The case involves accusations of corporate theft via false business expenses.  As such, inquiry into the jurors basic experience with such issues is appropriate.  Such experience also helps determine whether a juror will be able to understand the case.

- <u>Defendants' Objection to Question #'s 12, 13, 21, 22(a) and 22(b)</u>.  The defendants' suggested changes call for more information than is necessary or useful and will make filling out and reviewing the forms needlessly burdensome.

- <u>Defendants' Objection to Question #35</u>.  There is no downside to asking the jurors what they have heard about the defendants and the effect that information may have on their ability to fairly consider the case.  Should the defendants wish an opportunity to *voir dire* a particular juror concerning his/her answer to that question, the government assumes that the Court will afford them a reasonable opportunity to do so.

- <u>Defendants' Objection to Question #38</u>.  The defendants' suggested change adds nothing but makes the question more confusing.

- <u>Defendants' Objection to Question #45</u>.  This question appropriately asks if the juror would have difficulty rendering a guilty verdict even if guilt is proved beyond a reasonable doubt.  The introductory clause to which the defendants object appropriately places the question in context and makes it more understandable.

The government does not object to the defendants' proposed additional questions (g) and (i) set forth in paragraph 13 of their submission.  The additional questions proposed in paragraph 13, however, are either cumulative or ask for information that bears no relation to the case.  Defendants' request "l," for example, asks questions concerning the presumption of innocence, the government's burden of proof and the defendants' right to remain silent, which are already addressed in detail by questions 39 and 40.  Moreover, a number of the defendants' questions focus on the prospective juror's view on politicians, but this case does not concern political corruption and question 35 already asks in-depth questions

        3

designed to elicit opinions about the defendants themselves, which is surely more helpful than questions about politicians generally.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:      /s     
     Carolyn Pokorny
     Roger Burlingame
     Todd Kaminsky
     Assistant U.S. Attorneys
     (718) 254-7000

cc:  Defense Counsel (by ECF)