# HAFETZ NECHELES & ROCCO

ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110

TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

February 22, 2012

Hon. Frederic Block
United States District Court
Brooklyn Federal Court House
225 Camden Plaza
Brooklyn, New York 11201

Re: United States v. Pedro Espada Jr. et al.
Cr. No. 10-985 (S-3) (FB)

Dear Judge Block,

Defense counsel writes to respectfully request that the Court exclude the government's proposed expert witness testimony unless the government provides defendants with a detailed written summary of that testimony by Friday, February 24.

The government notified the Court and defendants on February 13 of its intention to call Marcus S. Owens, an attorney who specializes in not-for-profit organizations, as an expert witness at trial. (ECF #71). The government's notice included a resume for Mr. Owens and provided a mere one-sentence overview of the proposed testimony, stating that it would "concern[] the rules, regulations and practices that govern the conduct of not-for-profit organizations, including those concerning the relationship between a charity and its for-profit subsidiary, the compensation that an officer may be lawfully entitled to, and the income reporting requirements attendant to such compensation." This one sentence outline is not a summary of the expert's proposed testimony, and fails to satisfy the government's obligations under Federal Rule of Criminal Procedure Rule 16(a)(1)(G).

Hafetz Necheles & Rocco

By letter of February 15, defendants requested that the government provide a more detailed written summary of the proposed expert testimony. (ECF #74). Specifically, the defendants requested that the government disclose what "rules, regulations, and practices" the expert would testify about and what he would say about them, as well as what opinions, if any, he would offer, particularly with respect to the compensation in this case and the relationship of a charity with its for-profit subsidy.

Under Rule 16(a)(1)(G), the government must, upon the defendants' request, provide "a written summary of any testimony that the government intends to use" under Federal Rules of Evidence 702 and 703. The government's written summary *must*, at a minimum, "describe the witness's opinions, the bases and the reasons for those opinions, and the witness's qualifications." *United States v. Dukagjini*, 326 F.3d 45, 56 (2nd Cir. 2003) (quoting Rule 16(a)(1)(G)). This summary is envisioned as being "comprehensive [and] 'should cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rules of Evidence 703, including opinions of other experts.'" *United States v. Fawkes*, 2005 WL 1313410, at *1 (D.Virgin Islands May 31, 2005) (quoting The Advisory Committee Notes to the 1993 Amendment). Rule 16(a)(1)(G) is intended "to permit more complete pretrial preparation by the requesting party," *United States v. Davis*, 514 F.3d 596, 611-12 (6th Cir. 2008) (quoting the Advisory Notes), and also to prevent surprise, and timely disclosure allows the court to "entertain motions with respect to the experts and conduct any necessary hearing in advance of trial to facilitate trial preparation." *United States v. Nacchio*, 2007 WL 4688422, at *4 (D. Colo. March 22, 2007).

The vague, one-sentence summary that the government provided here completely fails to satisfy Rule 16(a)(1)(G). Defendants remain in the dark not only as to whether the government's expert will offer an opinion—and what the reasons or basis for that opinion might be—but also as to what "rules, regulations and practices" that his proposed testimony will concern. *See United States v. Brock*, 2007 WL 1041309, *2 (E.D.Tenn. 2007) (finding the government's written summary under Rule 16(a)(1)(G) inadequate where the government failed to provide any basis or reasons for the expert's opinions in his proposed testimony); *see also United States v. Katzin*, 94 Fed. Appx. 134, 137 (3d Cir. 2004) (noting that the government satisfied its burden under Rule 16(a)(1)(G) by providing "among other pertinent documents, a 469 page affidavit" explaining how a case agent deciphered drug jargon overheard on phone calls and arrived at his "opinion regarding the meaning of the calls.").

Courts in this circuit have held that the government must provide the information regarding expert testimony required by Rule 16(a)(1)(G) at least *one month before trial*. *See United States v. Ojeikere*, 299 F.Supp. 2d 254, 259 (S.D.N.Y. 2004) (citing *United States v. Lino*, 2001 WL 8356, at *21 (S.D.N.Y. Jan. 2, 2001). It is now less than three weeks before trial, and the government still has not responded to the defendants' letter or provided defendants with any additional information about the expert testimony.

HAFETZ NECHELES & ROCCO

Defendants ask the Court to preclude such testimony unless the government provides the information by Friday, February 24th. *See Davis*, 514 F.3d at 612 (noting that when a party fails to comply with its obligations under Rule 16, the Court may (1) order the discovery, (2) grant a continuance, (3) prohibit the evidence from being introduced or (4) enter any other order that is "just under the circumstances.").

Respectfully submitted,

By: /s/Susan R. Necheles
Susan R. Necheles
Hafetz Necheles & Rocco
500 Fifth Avenue, 29th Floor
New York, New York 10110
Telephone: (212) 997-7595
Facsimile: (212) 997-7646
*Attorney for Pedro Espada, Jr.*

/s/ Russell Gioiella
Russell Gioiella
LITMAN ASCHE & GIOIELLA
140 Broadway
New York, New York 10005
Telephone: (212) 809-4500
Facsimile: (646) 607-9643
*Attorney for Pedro Gautier Espada*

3