**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*

TK:RB                                    *271 Cadman Plaza East*

                                            *Brooklyn, New York 11201*

February 22, 2012

The Honorable Frederic Block
United States District Court
Brooklyn Federal Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

                 Re:    United States v. Espada, et al.
                         <u>Cr. No. 10-985 (S-1)(FB)</u>

Dear Judge Block:

       At the status conference held on February 17, 2012, the Court questioned whether Counts 11 through 14 of the indictment in the above-captioned case — those concerning the corporate tax returns of Community Expansion Development Corp. ("CEDC") — were properly joined with the other counts in the indictment. To better aid the Court in understanding the close relationship between the CEDC-related tax charges and the other charges at issue, the government attaches a brief one-page summary of its argument opposing severance.

                                       Respectfully submitted,

                                       LORETTA E. LYNCH
                                       United States Attorney

                       By:      <u>/s/</u>
                                       Carolyn Pokorny
                                       Roger Burlingame
                                       Todd Kaminsky
                                       Assistant U.S. Attorney
                                       (718) 254-6291

cc:    Defense counsel (by ECF)

**The CEDC-Related Tax Charges**

- CEDC, a janitorial company, was a wholly-owned subsidiary of Soundview that the defendants used to siphon funds from Soundview.  CEDC did nothing other than clean Soundview's facilities, yet Soundview paid CEDC far in excess of what it cost CEDC to do its job.  The defendants, who had sole access to CEDC's checks and financial documents, spent the profit CEDC earned — which should have enured to Soundview, CEDC's parent — on themselves and family members.  Further, after CEDC no longer performed any services for Soundview, the defendants spent all the money remaining in CEDC's bank account, meaning that none of CEDC's earnings accrued to Soundview.

- To conceal this theft, the defendants mischaracterized their expenditures of Soundview funds via CEDC as tax-deductible business expenses on CEDC's tax returns.  For example, Soundview/CEDC funds used to purchase a vacation rental apartment were classified by the defendants as "legal fees" and deducted as a business expense on CEDC's tax return.

- The CEDC returns are <u>only</u> false because of the defendants' mischaracterization of the expenditures that they embezzled from Soundview.  Without the acts that make-up the theft charges, there would be no CEDC-related tax fraud.

- Each instance of CEDC-related embezzlement affected both Espada's personal tax returns and CEDC's returns.  Espada did not tell his personal accountants that the Soundview/CEDC funds he spent on himself were personal income.  Concomitantly, he told CEDC's accountants that those same items were business expenses.  The Klein Conspiracy (Count 10) necessarily encompasses the entire scope of Espada's tax fraud and therefore includes both personal and corporate returns.

- A trial on the CEDC-related tax charges alone would mean the government would have to recall <u>all</u> the witnesses who prove the CEDC-related embezzlement because the government would have to show that the business expense-deductions in the CEDC returns were phony.  Similarly, the accountants necessary to prove the CEDC-related tax fraud would also testify at a stand-alone embezzlement trial because Espada's false statements about CEDC expenditures demonstrate his consciousness of guilt.  Having two trials with the same witnesses providing the same testimony would be an unnecessary waste of judicial resources.