UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
    - against -                                              :    10-CR-00985 (FB)
                                                               :
Pedro Espada, Jr,                                              :
Pedro G. Espada                                                :
                                                               :
                                       Defendants.               :
-------------------------------------------------------------- x

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter having come before the Court by stipulation of Defendants Pedro Espada, Jr. and Pedro G. Espada, third parties McGladrey & Pullen LLP and RSM McGladrey, Inc. (collectively, with McGladrey & Pullen LLP and for purposes of this agreement only, "McGladrey") and the United States of America (collectively, for purposes of this agreement only, with Defendants and McGladrey, the "Parties," and each, individually, a "Party"), for the entry of a protective order, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information that has been and will be produced by McGladrey and its respective counsel in connection with this matter and in response to subpoenas previously served on McGladrey by various governmental entities; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

    IT IS hereby ORDERED that:

    1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that merit confidential treatment (hereinafter the "Documents").

2.  As used herein:

    (a)  "Confidential Information" shall mean all Documents, and all information contained therein, and other information designated as confidential, if such Documents contain trade secrets, proprietary business information, competitively sensitive information, Personally Identifiable Information, patient information, or other information the disclosure of which would, in the good faith judgment of the Producing Party, be detrimental to the conduct of that Party's business or the business or privacy interests of any of that Party's customers, clients or affiliated or predecessor entities.

    (b)  Publicly available documents or information that is otherwise publicly available, including without limitation documents publicly filed with regulators such as the U.S. Securities and Exchange Commission, and information obtained through lawful means not otherwise in violation of this Agreement, are not subject to this Stipulation and Order and do not constitute Confidential Information, regardless of whether that document is designated as such by the Producing Party.

    (c)  "Confidential Information" shall also include documents which were previously produced by McGladrey pursuant to subpoenas *duces tecum* issued by the Department of Justice on May 4, 2010, May 5, 2010, September 10, 2010, and May 12, 2011, as well as documents produced by McGladery pursuant to subpoenas *duces tecum* issued by New York Attorney General's Medicaid Fraud Control Unit on September 9, 2009, and which were subsequently received by the Department of Justice and

counsel for Defendants in connection with the above-captioned action. Nothing in this Stipulation is breached as a result of showing Confidential Information to persons prior to the signing of the Stipulation by the Parties; however, on a going forward basis, the terms and conditions of this Stipulation shall apply in full force and effect, including with respect to persons who previously viewed Confidential Information prior to the signing of the Stipulation. The Receiving Party shall undertake reasonable efforts to provide a copy of this Stipulation to persons who viewed Confidential Information prior to the signing of the Stipulation and obtain those persons' signatures on Exhibit A, and, if the person refuses to sign Exhibit A, the Receiving Party shall make reasonable efforts to collect any documents or copies of documents containing Confidential Information shared with those persons prior to the signing of the Stipulation.

(d) "Third Party" shall mean any person who: (i) is not a Party and (ii) agrees to the terms of this Order by executing a confidentiality declaration in the form attached as Exhibit A pursuant to paragraphs 5(c), 5(d), 5(f), 7, or 8 hereof.

(e) "Producing Party" shall mean McGladrey.

(f) "Receiving Party" shall mean a Party to this action and/or any Third Party receiving "Confidential Information" in connection with this matter.

(g) "Court" means the United States District Court for the Eastern District of New York.

3. Producing Party may designate Documents produced in connection with this action as "confidential," by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Information and to the outside of any discs containing electronic versions of these documents.

4. The inadvertent failure to stamp "CONFIDENTIAL" shall not be deemed a waiver of such claim of confidentiality, provided the designation is made within a reasonable time, and the Producing Party shall provide the other Party with a properly labeled replacement in a timely manner. Counsel for the other Party may retain one copy only of the inadvertently produced document for comparison purposes until it receives the properly labeled replacement from the Producing Party, at which time counsel for the other Party will destroy or return the inadvertently produced document.

5. Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of the Party actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the Party to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c)     expert witnesses or consultants retained by the Party or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraphs 7 and 8 hereof;

(d)     outside consultants, and/or litigation support vendors or services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, who are not parties in this Action or employees of any Party (nor known to the engaging Party to have accepted an offer to become an employee of a Party in this Action) and who are expressly retained to assist counsel for the Party (collectively "Outside Litigation Assistants"), provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential" by the Party responsible for having such report created, and provided that such Confidential Information is furnished, shown or disclosed in accordance with paragraphs 7 and 8 hereof;

(e)     the Court and court personnel;

(f)     witnesses or potential witnesses (other than expert witnesses), and their counsel, but only during the course of investigating the charges in this case or preparation for and giving of their testimony in this or related

proceedings, by displaying Confidential Information to such persons, or by providing copies of such Confidential Information to such persons, provided that if Confidential Information is provided to such persons, counsel shall take all reasonable steps to collect the Confidential Information from such party; and further, provided that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof; except that if a witness or potential witness described in this paragraph (and this paragraph alone) refuses to sign the form attached as Exhibit A, counsel for the Party may discuss the general contents of, but may not show, Confidential Information to the individual. Counsel for the Party shall not show such witness any Confidential Information until Exhibit A is signed by the witness and retained by counsel for the Party as required by paragraph 7 hereof.

6.  Confidential Information shall be utilized by the Receiving Party and its counsel, including without limitation, any person or entity to whom such Confidential Information is disclosed pursuant to the terms of this Stipulation and Order, only for the trial and preparation for trial in the above-captioned case or appeal of this case. Confidential Information cannot be used for any other purpose or in furtherance of any other action or proceeding. This limitation continues after the conclusion of this proceeding.

7.  Before any disclosure of Confidential Information is made to any individual described in paragraphs 5(c), 5(d), or 5(f) above, the Party shall first advise such person of the contents of this Stipulation and shall cause the individual to comply with and be bound by the terms of Exhibit A attached hereto (the "Certificate") either through signing the Certificate or

incorporating its terms into any written agreement with the individual. Counsel for the Party obtaining the Certificate shall retain a copy of every Certificate it collects under this Agreement and provide such Certificate to Producing Party upon reasonable request subject to the Party's ability to challenge the reasonableness of Producing Party's request to the Court. The Producing Party may only seek production of the Certificates under this provision if and only if they have a good faith concern that the terms of this Agreement or Exhibit A have been breached. In no instance may Producing Party reveal the Certificates they obtain pursuant to this section or the identity of persons who signed these Certificates except as necessary to enforce Producing Party's rights under this Agreement or Exhibit A hereto. The Receiving Parties agree not to seek to obtain this information from the Producing Party and agree that nothing agreed to in this Agreement shall be considered a waiver of any privilege.

8. If an individual described in paragraphs 5(c) or 5(d) of this Agreement refuses to execute a Certificate in the form attached as Exhibit A hereto or to comply to its terms in any written agreement with the Party, counsel for the Party shall not show such individual any Confidential Information until Exhibit A is signed by the witness and retained by counsel for the Party as required by this paragraph and paragraph 7.

9. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action or to any judge or magistrate of this Court for purposes of this action. The Party making the disclosure of Confidential Information in any of the proceedings described in this paragraph shall take all reasonable steps to protect the confidentiality of the information, including by taking all steps the Parties to this Agreement would take to protect their own highly confidential information. Nothing in this Order shall prevent the Court from taking those steps it deems

necessary to protect the confidentiality of the Confidential Information. Nothing in this Order shall prevent Producing Party from seeking additional protections from the Court as the need arises.

10. Any person receiving Confidential Information shall not reveal or discuss such Confidential Information with any person not entitled to receive such information under the terms hereof.

11. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

12. Inadvertent disclosure of any Documents produced in response to discovery in this Action that the Producing Party later claims should have been withheld on grounds of a privilege, *inter alia*, including without limitation the attorney client privilege and the work product doctrine, will not be deemed to waive any privilege or work product protection as to the Documents itself or the subject matter of that Documents.

13. Nothing herein shall be deemed to waive any privilege or other protection from discovery recognized by law. The Receiving Party does not waive any privilege with respect to the identity of witnesses they interview and will not provide that information except to the extent necessary to comply with the obligations set forth in paragraphs 5(f), 7, and 8 above.

14. Within sixty (60) days after a final judgment in this matter, all Confidential Information produced or designated and all reproductions thereof, shall be return to the Producing Party or shall be destroyed, at the option of Receiving Party. The reasonable costs of such return or destruction shall be borne by Producing Party. In the event that the Receiving Party destroys documents, such Party shall certify in writing within sixty (60) days of the final

termination of this proceeding that it has undertaken its best efforts to destroy such documents, and that such documents have been destroyed to the best of its knowledge and ability.

HAFETZ NECHELES & ROCCO

By: _____
Susan Necheles
500 Fifth Avenue, 29th Floor
New York, New York 10110
(212) 997 - 7595

Attorneys for Defendant Pedro Espada Jr.

Dated: February 9, 2012

McGladrey ; Pullen LLP.

ARNOLD & PORTER LLP

By: _____
~~Veronica Rendon~~  Ellen Burns
~~399 Park Avenue~~  200 South Wacker Dr.
~~New York, New York 10022~~  Chicago, IL 60606
~~(212) 715-1165~~  312.758.2211

~~Assistant~~ General Counsel,
~~Attorneys for~~ McGladrey & Pullen LLP

Dated: February 15, 2012

LITMAN, ASCHE & GIOIELLA, LLP

By: _____
Russell M. Gioiella
140 Broadway, 38th Floor
New York, NY 10005
(212) 742-8757

Attorneys for Defendant Pedro G. Espada

SO ORDERED:

U.S. ATTORNEY'S OFFICE

By: _____
Carolyn Pokorny
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
718-254-6291
United States Attorney

_____
Honorable Frederic Block

## EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
    - against -                      :      10-CR-00985 (FB)
                                                         :
Pedro Espada, Jr,                                        :
Pedro G. Espada                                          :
                                                         :
                    Defendants. :
-------------------------------------------------------- x

## AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is_____

_____.

4. I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action and for no other purpose, action or proceeding, any Confidential Information that is disclosed to me.

11

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I understand that violation of a Court Ordered Stipulation such as this is a serious infraction and I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order and Stipulation.

Dated: _____               _____