

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

RB:TK
F.#2010R00420

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

February 24, 2012

BY ECF

Susan R. Necheles, Esq.
500 Fifth Avenue
29th Floor
New York, NY 10110

Russell M. Gioiella, Esq.
140 Broadway
38th Floor
New York, New York 10005

Re: United States v. Pedro Espada, Jr. et al.
Criminal Docket No. 10-985 (FB)

Dear Counsel:

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), this letter serves as supplemental notice of the government's intention to offer the expert testimony of Marcus S. Owens in the law and standards governing not-for-profit corporations.

Mr. Owens will provide testimony regarding compensation-setting standards and the rules governing transactions with directors and officers that apply to organizations exempt from tax under section 501(c)(3) of the Internal Revenue Code of 1986, as amended (the "Code").  In particular, his testimony will cover the limitations placed on the payment of compensation and the provision of other benefits to private individuals under sections 501(c)(3) and 4958 of the Code, and the Treasury Regulations thereunder.  In addition, Mr. Owens will discuss the consequences of violations of the limitations on private benefit and inurement found under Code section 501(c)(3), and the excess benefit transaction rules under Code section 4958.

Mr. Owens will also provide testimony regarding the proper treatment of reimbursements for business expenses and fringe benefits, such a meals, under sections 61, 62, 132, and 162 of the Code, and when such amounts or benefits may be

excluded from an employee's income. Further, Mr. Owens will speak to the "accountable plan" rules found in the Treasury Regulations under section 62 of the Code, including the rules for per diem expenses.

Additionally, Mr. Owens will give testimony regarding the treatment of wholly-owned subsidiaries of section 501(c)(3) organizations for federal income tax purposes, including the extent to which activities and assets of a subsidiary are attributed to a tax exempt parent under section 501(c)(3). Further, Mr. Owens will testify that the assets of a wholly-owned subsidiary inure to the benefit of its tax-exempt parent corporation under Code sections 501(c)(3) and 4958, and related Treasury Regulations and case law.

        Very truly yours,

        LORETTA E. LYNCH
        United States Attorney

By:    /s/
     Carolyn Pokorny
     Roger Burlingame
     Todd Kaminsky
     Assistant U.S. Attorneys

Enclosures