

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

March 4, 2012

The Honorable Frederic Block
United States District Court
Brooklyn Federal Courthouse
225 Cadman Plaza, East
Brooklyn, New York 11201

   Re: United States v. Espada et al.
     <u>Cr. No. 10-985 (S-2)(FB)</u>

Dear Judge Block:

   We write in response to the defendants' out-of-time
motion to dismiss certain counts of the superseding indictment
for lack of venue.

   Despite the fact that the issues raised in their motion
are patent on the face of the indictment, the defendants filed
the motion at 8:00 p.m. the Friday before the start of jury
selection in contravention of the Court's motion schedule.  Due
to the late filing, the motion should be denied as to Counts
Eight and Nine (false statements), which charge that the conduct
underlying those counts took place solely within the Southern
District of New York.  Counts Eleven through Fourteen and Sixteen
through Eighteen (seven of the indictment's eight substantive tax
charges), are properly dismissed because they charge that the
conduct took place within the Southern District of New York "and
elsewhere."

   We note that dismissal of the challenged tax counts
will not change the trial evidence.  The Court has already
decided in its ruling on the defendants' severance motion that
the proof of these counts is relevant to and intertwined with the
remaining counts, and the surviving five-year tax conspiracy
count properly venued in the Eastern District captures all the
conduct charged in each of the challenged substantive tax counts.
We further note that the government will promptly seek to re-
indict the defendants on the challenged tax counts in the
Southern District of New York.  Thus, as a practical matter, the
defendants' motion will result in two separate and nearly
identical trials.

Facts

On March 25, 2011, the grand jury returned an initial superseding indictment adding a five-year tax conspiracy count and eight substantive tax counts to the original theft and fraud charges. See First Superseding Indictment, Docket Entry ("Dkt.") 20. Seven of the eight substantive tax counts were charged to have taken place "within the Southern District of New York and elsewhere." Id. at ¶¶ 36, 38, 42 and 44.

On January 17, 2012, the grand jury returned a second superseding indictment adding two false statement charges to the previously charged crimes. See Second Superseding Indictment, Dkt. 47. The two new counts were charged to have taken place solely "within the Southern District of New York." Id. at ¶¶ 36 and 37.

At a status conference before Your Honor a week after the superseding indictment's return, the Court set a briefing schedule requiring the defendants to file pretrial motions by February 6, 2012. In discussing the briefing schedule, the Court noted: (i) "we intentionally stage these meetings during the course of the months to just accommodate the parties just exactly as we tried to do now so that there are no last minute things that we have to attend to and we have ample time to take care of our business"; (ii) "let's get your papers in in ample time so we can look at it some time in early February so there will be no surprises and you have at least a month to adjust to whatever my rulings might be"; (iii) [to defense counsel, commenting on the briefing schedule] "we've taken care of your need to take a careful look at the new indictment and you have two weeks to get your act together with respect to that. . . . That would just, that would give us about three weeks or so before trial so that should be okay"; and (iv) "if anybody needs any more time for good and sufficient reasons including the Court, we'll just communicate that with each other about that, but let's try to adhere to that so that we have ample time before the trial to have everything done like we should have done." Tr. at 10, 13, 15, 24-25 .

In general accord with the Court's briefing schedule, on February 8, 2012, the defendants filed a number of pretrial motions. They moved (i) to sever the theft and fraud counts from the tax and false statement counts in the superseding indictment; (ii) to strike surplusage from the superseding indictment; and (iii) to suppress seized evidence due to outrageous government misconduct. See Dkt. 62-65.

On Monday, February 27, 2012, the Court denied defendants' motions.

Five days later, on Friday, March 2 at 8:00 p.m., the defendants filed the instant motion, seeking to dismiss the counts that they had previously moved to sever.

Law

Rule 12(c) of the Federal Rules of Criminal Procedure empowers courts to set deadlines for the filing of pretrial motions.  Motions that allege lack of jurisdiction or failure of the indictment to charge an offense may be considered by the court at any time while the case is pending.  See 1A Wright & A. Miller, Federal Practice and Procedure, Criminal, § 193 (4th Ed. 2011).  Motions described in Rule 12(b)(3), however — including motions alleging a defect in the indictment such as venue — must be asserted in a pretrial motion made within the time period permitted by the court under Rule 12(c).  Id.  Failure to raise such motions in time waives the defense, objection or request. Id.

Rule 18 of the Federal Rules of Criminal Procedure states that "unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."  Where a defect in venue is apparent on the face of the indictment, a defendant waives the right to contest the issue if he or she fails to object in a timely manner.  See, e.g., United States v. Kahn, 821 F2d 90, 93 (2d Cir. 1987) (where indictment charged that offense occurred in another district, defendant waived venue by waiting until trial to object).  A venue defect is not apparent from the face of the indictment, however, where the indictment alleges that the criminal conduct took place in a district other than the district of prosecution "and elsewhere."  United States v. Novak, 443 F.3d 150, 162 (2d Cri. 2006) (so finding because "and elsewhere" could encompass the district of prosecution).

Argument

Following the black-letter law cited above, the Court should find that the defendants waived their venue objections to the false statement counts by failing to file a timely motion to dismiss.

The defendants' eleventh-hour filing is but gamesmanship.  In a timely-filed motion, the defendants sought to sever the very counts they now challenge for venue in hopes that

3

they could have their cake — a trial without the challenged
counts — and eat it too — avoid a second trial before an unknown
judge in the Southern District.  When the Court properly denied
their severance motion, the defendants then fell back — after
waiting five days to file on the Friday night prior to the start
of jury selection — to the venue motion that they had carefully
held in reserve.  Such gamesmanship in contravention of the
Court's efforts to conduct an orderly and professional trial
should be rejected.

        The defendants assert that they only realized the venue
defects of late.  The claim is absurd.  With respect to the false
statement counts, the defendants state that they recently
discovered that the documents containing the false statements
were "mailed from the Bronx and sent to Maryland and Wisconsin."
Def. Mem. at 3.  As detailed above, however, no such legwork was
necessary:  The January 2012 superseding indictment plainly
states that these offenses took place solely within the Southern
District of New York.  Moreover, the defendant's proffered
explanation is factually wrong.  The government provided the
documents containing the charged false statements well in advance
of indictment.[1]

        In gross contravention of the Court's efforts to
conduct a civilized and professional trial, with pretrial motions
to be addressed in an orderly fashion so that there would be "no
surprises" and the parties would have "a month to adjust to [the
Court's] pretrial rulings," the defendants' sought to gain
advantage through the calculated, untimely filing of this motion.

        Due to the "and elsewhere" language in the challenged
tax counts, the government must agree that those counts are
properly dismissed under Novak.

        With respect to the false statement charges contained
in Counts Eight and Nine, however, the Court should reject the
defendants efforts to gain advantage through gamesmanship,
enforce the Court's motion deadlines, and find the defendants'
venue objection waived.  Such a ruling is not only well founded,

_____

        [1]   Indeed, documents underlying and highlighting the false
statement charged in Count Eight were included in a "hot
documents" binder provided to the defendants last June.

4

but will send a message that similar practice will not be
tolerated by the Court in the future.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                    United States Attorney


                         By:      /s/
                                 Carolyn Pokorny
                                 Roger Burlingame
                                 Todd Kaminsky
                                 Assistant U.S. Attorneys
                                 (718) 254-7000

cc:   Defense counsel (by ECF)

5