

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

March 5, 2012

Hon. Frederic Block
United States District Court
Brooklyn Federal Courthouse
225 Cadman Plaza, East
Brooklyn, New York 11201

                Re:   United States v. Espada, et al.
                    Cr. No. 10-985 (S-2)(FB)

Dear Judge Block:

      The government submits this letter as a motion <u>in limine</u> to limit the scope of cross-examination of government witness Maria Cruz regarding her 1991 conviction for Assault in the Second Degree.  Because cross-examination on that subject is not probative of Ms Cruz's truthfulness and could potentially prejudice the jurors against her, the defense should be limited in this respect.

**<u>Factual Background</u>**

      Maria Cruz was one of Soundview's founding employees.  She originally served as Espada's executive assistant, later managed one of Soundview's clinics, and eventually rose to the position of Vice President of Operations.  Her testimony will include, among other things, a description of how Soundview conducted its business on a day-to-day basis during the period referenced in the indictment.  In addition, Ms. Cruz has direct, first-hand knowledge of several of the crimes charged in the instant indictment.

      In 1991, Ms. Cruz was involved in an altercation with another woman when that woman appeared at her home late at night asking the whereabouts of Ms. Cruz's husband.  The woman came to Ms. Cruz's home armed with a knife, which Ms. Cruz took from her during a struggle and used to cut the woman's neck and face.  Later that evening, Ms Cruz was arrested.  She pleaded guilty in Bronx Supreme Court to Assault in the Second Degree and received a sentence of probation.

**Legal Background**

The scope of cross-examination is controlled in part by Federal Rule of Evidence 611(b), which provides that:

> Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness.

The Federal Rules of Evidence also provide that evidence of a witness's prior conduct can only be raised on cross-examination if the conduct is probative of truthfulness or untruthfulness:

> Specific instance of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, . . . may, not be proved by extrinsic evidence.  They may, however, in the discretion of the court, <u>if probative of truthfulness or untruthfulness</u>, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . .

Fed.R.Evid. 608(b)(emphasis added).  In addition, the Second Circuit has explicitly held that "a trial court has wide discretion to impose limitations on the cross-examination of witnesses."  <u>United States v. Flaharty</u>, 295 F.3d 182, 190 (2d Cir. 2002).

In particular, the Second Circuit has repeatedly held that a witness's prior crimes of violence are not relevant to the question of that witness's veracity.  <u>See</u> <u>e.g.</u>, <u>Flaharty</u> at 190-91 (upholding district court's ruling that defense could not cross-examine witness about his prior murder conviction because "[m]urder generally is not a crime of dishonesty.").  <u>See</u> <u>also</u> <u>United States v. Agostini</u>, 280 F.Supp 2d 260, 262 (S.D.N.Y. 2003) (stating that the Second Circuit has shown an "inclination to preclude the discussion of a witness's prior commission of violent crimes because of such crimes' lack of relevance to the issue of the witness's veracity.").

Moreover, courts have consistently limited cross-examination to shield a witness from prejudice and to avoid unnecessary distraction that would prevent the jury from considering the relevant testimony that a witness would otherwise provide.  <u>See</u> <u>Deleware v. Van Arsdale</u>, 475 U.S. 673, 679 (1986)("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on

2

. . . cross-examination [of witnesses] based on concerns about, among other things, . . . prejudice...."); Agnosti at 262 (granting government's motion to limit cross-examination of witness's prior crime of violence because "it may be viewed as reflecting poorly on [his] character and influence the jury to a point of distraction from the matter about which he is called on to testify.").

**Argument**

      Ms. Cruz's 1991 conviction for Assault in the Second Degree is not a crime of dishonesty and is not probative of her veracity. Further, cross-examination on that subject will not be relevant to any fact at issue concerning the crimes with which the defendants are charged. As such, evidence concerning Ms. Cruz's dated conviction can only serve to prejudice the jury against her and distract them from properly evaluating her testimony. Because Ms. Cruz possesses direct knowledge of several of the crimes charged in the indictment, it is particularly important that the jury fairly evaluate her testimony.

**Conclusion**

      For the foregoing reasons, the government respectfully requests that the Court preclude the defense from cross-examining Maria Cruz regarding her 1991 conviction.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:     /s/
Carolyn Pokorny
Roger Burlingame
Todd Kaminsky
Assistant U.S. Attorneys

cc: Defense counsel (by ECF)