

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

March 5, 2012

The Honorable Frederic Block
United States District Court
Brooklyn Federal Courthouse
225 Cadman Plaza, East
Brooklyn, New York 11201

      Re:   United States v. Espada et al.
            Cr. No. 10-985 (S-2)(FB)

Dear Judge Block:

    We respectfully write to briefly respond to the defendants' letter filed earlier today concerning their out-of-time motion to dismiss certain counts of the superseding indictment for lack of venue.

    The defendants assert that (1) their eleventh-hour motion should be granted as to the false statement counts under Second Circuit law, and (2) the Court should reconsider its severance determination.

    First, United States v. Novak, 443 F.3d 150, 160 (2d Cir. 2006) indeed contains the language the defendants cite — that a defendant waives the right to contest the issue of venue if he or she fails to object prior to trial.  What defendant neglects to point out is that in Novak, the defendant did not make a venue motion until the close of trial.  Id. at 160.  As such, it would have been extraordinary for the Second Circuit to embark on an analysis of every instance in which defendants could waive their ability to contest venue.  Rather, the Second Circuit decided the issue before them: Where a defendant fails to contest venue until trial has begun, they have waived the right to do. Nothing in that ruling chips away at the Court's right to control its schedule under Rule 12(c), or the hornbook law cited in the government's motion that venue is included in the array of

motions that the Court may schedule, and deemed waived if not timely filed.[1]

The defendants' claim that they were unaware that venue did not exist for 10 of the 18 counts in the indictment until last Friday at 8:00 p.m. underlines the character of their motion.  The claim is simply unbelievable.  The defendants filed multiple substantive motions attacking and parsing the superseding indictment approximately one month ago.  Since March 2011, they have been in possession of a prior superseding indictment which stated that 7 of the 9 tax counts took place "within the Southern District of New York and elsewhere."  To suggest that venue was not on the defendants radar until last Friday is yet another example of the gamesmanship and the pursuit of advantage at the cost of professionalism that is laid bare by this motion.[2]

Defendants' request that the Court now reconsider its severance decision underlines both that the defendants strategically staggered their severance and venue motions, and the extent of the gamesmanship at play.

Happily, the motion is easily dispatched.  In dismissing the severance motion the Court did not rely on notions of judicial economy, but plainly stated that the charges were properly tried together because "they all do stem effectively from the single act or transaction or series of acts or transactions within the meaning of Rule 12(b)."  Transcript of February 27, 2012 Status Conference.  The Court's ruling was correct, the Counts are appropriately joined, and — as detailed at length in the government's response to defendants' severance motion — the evidence for the theft and tax charges is wholly

---

[1] Defendant's claim that venue falls within the motions capatured by Rule 12(c) is flat wrong.  <u>United States v. Powell</u>, 2009 WL 1269596 at *1 (2d Cir. 2009)("Because '[v]enue is not jurisdictional,' a valid guilty plea is a waiver of any challenge to venue.")

[2] With respect to the tax counts, the defendants assert that they came upon the issue when the government provided them with their false tax returns on January 31, 2012 and Section 3500 material on February 13, 2012. (Def. Mem. at 4).  As noted above, however, the March 2011 Superseding Indictment expressly stated that the challenged counts occurred in the Southern District of New York, and the government provided the defendants with copies of their false tax returns at that time.

2

overlapping.  As such, there would be no judicial economy gained via severance.[3]

For the reasons previously set forth, the government should deny the defendants' motion to dismiss Counts Eight and Nine.  Defendants' renewed severance motion should also be dismissed.

>                        Respectfully submitted,
>
>                        LORETTA E. LYNCH
>                        United States Attorney
>
> By:      /s/
>                        Carolyn Pokorny
>                        Roger Burlingame
>                        Todd Kaminsky
>                        Assistant U.S. Attorneys
>                        (718) 254-7000

cc:   Defense counsel (by ECF)

---

[3] It is also worth noting that the government stated that it will *seek* to re-indict the defendants.  Such a future indictment cannot be assumed, let alone form the basis for a severance motion.

3