

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TK:RB

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 5, 2012

Hon. Frederic Block
United States District Court
Brooklyn Federal Courthouse
225 Cadman Plaza, East
Brooklyn, New York 11201

                Re:  United States v. Espada, et al.
                      Cr. No. 10-985 (S-1)(FB)

Dear Judge Block:

      At the telephonic status conference held on March 5, 2012, the Court questioned whether Count 10 (the Klein Conspiracy) and Count 15 (charging Pedro Espada, Jr. with subscribing to a false tax return for the 2005 tax year) of the indictment in the above-captioned case should be tried alongside the remaining fraud charges in light of the fact that several substantive tax counts have been dismissed for lack of venue. To better aid the Court in understanding the close relationship between Counts 10 and 15 and the remaining counts of the indictment, the government has attached a brief summary of its argument opposing severance.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                By:     /s/
                     Carolyn Pokorny
                     Roger Burlingame
                     Todd Kaminsky
                     Assistant U.S. Attorney
                     (718) 254-6291

cc:  Defense counsel (by ECF)

## The Remaining Tax Charges

- Count 10 charges the defendants with conspiring to defraud the IRS by concealing the income they stole from Soundview via CEDC, a wholly-owned subsidiary of Soundview's. To hide their theft, the defendants mischaracterized the Soundview funds they embezzled as tax-deductible business expenses on CEDC's tax returns. For example, CEDC funds used to rent a vacation apartment were classified by the defendants as "legal fees" and deducted as a business expense. As part of the conspiracy, Espada also lied to his personal accountants by failing to disclose that the CEDC funds he stole were personal income.

- Count 15 charges Espada with lying on his 2005 personal tax return by failing to report the money he stole from CEDC as income, among other things.

- The Court has already ruled that the defendants' tax fraud is intertwined with their embezzlement because both "stem effectively from the same act or transaction or series of acts or transactions within the meaning of Rule 12(b)." Tr. 2/27/12.

- Severance of the remaining tax counts would be inimical to judicial economy because it would create three trials: (1) the embezzlement counts before this Court; (2) the substantive tax counts recently dismissed before a court in the SDNY; and (3) Counts 10 and 15, also before this Court, because they are properly venued in the EDNY (several of the conspiracy's overt acts occurred in the EDNY and the 2005 tax return was prepared here). Further, at a stand-alone trial on Counts 10 and 15, the government would have to recall <u>all</u> of the witnesses who prove the CEDC-related embezzlement because the government would have to show that the deductions in the CEDC returns were false in order to prove the tax fraud conspiracy.

- Importantly, the accountants necessary to prove the tax fraud conspiracy would also testify at a stand-alone embezzlement trial because the defendants' false statements about the CEDC expenditures reveal their criminal intent. The government must prove that the defendants willfully stole from Soundview. The clearest evidence of their state of mind are the repeated lies that they told their accountants about the CEDC expenditures that constitute the theft charged. Because CEDC was Soundview's subsidiary, CEDC's books had to be provided to both Soundview employees and outside auditors. The defendants knew that if those parties were aware of their theft of CEDC's funds, their scheme would be exposed. Hence, the defendants lied to the accountants who prepared the books. Additionally, the government must demonstrate that the defendants were not simply borrowing CEDC's funds which they intended to pay back

later.  This concern is especially salient with respect to numerous CEDC checks that the defendants wrote to themselves as "loans."  The accountants will testify that (i) years after the "loans" were made, they remained on CEDC's books and (ii) the defendants did not otherwise repay the money they are charged with embezzling.  As the Court has already held, severance is not appropriate in light of the intertwined nature of the tax and embezzlement charges and the overlapping evidence used to prove both.