# HAFETZ NECHELES & ROCCO
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110

TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

March 6, 2012

The Honorable Frederic Block
United States District Court
Brooklyn Federal Court House
225 Camden Plaza
Brooklyn, New York 11201

Re: United States v. Espada, et al.
Cr. No. 10-985 (S-2) (FB)

Dear Judge Block,

The defendants submit this letter to briefly respond to the government's "summary of argument," the third brief filed by Mr. Burlingame regarding the defendant's venue motion, which again misstates certain facts.

## 1. The Government's Incorrectly Claims That The Remaining Substantive Tax Count - Count Fifteen - Is Relevant To The Theft Charges In The Indictment

Given the government's concession as to lack of venue for Counts Eleven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen and Eighteen, the only tax charges left in this case now are Count Ten - which charges a Klein conspiracy - and Count Fifteen - which charges that Pedro Espada Jr. filed false personal tax returns in 2005. Pedro Gautier Espada is not charged in the substantive count.

Count Fifteen alleges that Espada's 2005 tax return understated Espada's income by $349,855. The vast majority of this money – $317,898 – was proceeds from the sale of a property which Espada owned personally, not money allegedly stolen from Soundview. Thus,

1

less than 10% of the money which Espada allegedly did not declare on his 2005 tax return was money that was allegedly the proceeds of the theft charged in Counts One through Seven of the indictment.

Count Fifteen, thus, has only minimal relation to Counts One through Seven.

### 2. Proving Count Fifteen Will Require The Government To Call At Least Ten Witnesses Who Are Completely Unrelated To The Alleged Fraud On Soundview

Based on the 3500 materials that we have received from the government, proof of the charges in Count Fifteen - that Espada allegedly underreported his income in 2005 by failing to declare profits from the sale of a property that he and his wife owned - will require the government to call at least 10 fact witnesses addressing a) whether or not Espada or other family members lived at that address and if so; b) in what portion of the three family apartment; and c) for how much of the preceding five year period, as well as d) expert testimony on the nuances of the Tax Code provisions relating to the residence rules governing the sale of a principal residence (where proceeds are not taxed) and rules governing the sale of property which is both business and personal (Espada's 2005 return treated the home as one-third business and thus included income to that extent). All of this evidence is unrelated to the theft charges or to Pedro G. Espada.

### .3. The Government's Assertion That The Tax Fraud Is "Intertwined" with The Alleged Theft From Soundview Is A Fallicy

The government, however, argues that the evidence concerning tax fraud is relevant to prove the defendants' state of mind on Counts One through Seven. The government's argument is as follows:

(a) The defendants stole money from CEDC, which according to the government was a wholly owned subsidiary of Soundview,

(b) in order to hide this theft from Soundview employees and Soundview's auditors, the defendants allegedly lied to the accountants who he had hired to create CEDC's legers and tax returns and falsely told these accountants that personal expenditures made from CEDC on behalf of Espada were business expenditures,

(c) based on these false statements, the accountants created a ledger for CEDC which falsely stated that certain expenditures were business expenses rather than the personal expenditures, and gave this ledger to Soundview employees and Soundview auditors. and

(d) also based on these ledgers the CEDC accountants created allegedly false CEDC tax returns.

The relevant fact in this narrative concerning the defendants' state of mind is that the defendants allegedly lied to the CEDC accountants about nature of the CEDC expenditures and therefore caused a false CEDC ledger to be created, knowing that that ledger would be given to Soundview and its auditors. Thus, the fact which the government alleges shows that the defendants had a guilty state of mind and wanted to hide from Soundview their expenditures is *the defendants' acts in allegedly causing false ledgers to be created for CEDC*.

Everything that happened after these false ledgers were created, however, is irrelevant to the theft charges. Whether or not Espada also caused false tax returns to be filed for CEDC or for himself personally, has no relevance to the issue of whether he stole from Soundview. For instance, the government's "summary" gives an example of an allegedly false statement made to the CEDC accountant - "CEDC funds used to rent a vacation apartment were classified by defendants as a business expense." But this statement was *not* on the CEDC *tax return*. It was on the CEDC *ledger*.

Certainly, the CEDC accountant can testify that the defendants gave him allegedly false information which he reflected on ledgers for CEDC which were then provided to Soundview. This is the only fact that is relevant to prove the defendants' state of mind and their alleged attempt to hide facts from Soundview and the accountants. How the accountant handled that information for tax purposes, and whether the defendants willfully intended to evade taxes or defraud the IRS, is not relevant to the theft.

Accordingly, the remaining tax charges have no relevance to the alleged theft on Soundview, will greatly prolong this trial, and should be severed.

### 4. The Government's "Summary" Mischaracterizes This Court's Prior Ruling

The government's third bullet point incorrectly claims that this Court previously ruled that the "defendant's tax fraud were intertwined with their embezzlement." This is not correct. The Court merely ruled that because the government alleged that the money that the defendants allegedly lied about on the tax counts were the proceeds of the fraud alleged in Counts One through Seven, the Federal Rules of Criminal Procedure do not *mandate* severance. Now that the government has conceded that the vast majority of the tax counts must be dismissed, this Court is faced with a different issue - whether the Court *in its discretion* should sever the remaining tax counts so that they can all be tried together at a later date. That is an entirely different issue.

### 5. The Government's "Summary" Inaccurately Asserts That A Severance Here Would Create Three Trials

The government's fourth bullet point contains a totally false claim that severance of the remaining tax counts will compel the government to try the exact same case three times.

As the government is well aware, there is venue for *all* of the tax counts in the Southern District of New York. At all times relevant to the tax charges Espada lived in the Southern District of New York and CEDC's place of business was in the Southern District of New York. There is no dispute that all of the tax counts could be transferred to the Southern District of New York and tried together, as one trial. Thus, two trials are already necessary and severance of Counts Ten and Fifteen will not increase the number to three.

Nor is the government truthful when it asserts that in a separate tax case "the government would have to recall all of the witnesses who prove the CEDC-related embezzlement because the government would have to show that the deductions in the CEDC returns were false in order to prove the tax fraud conspiracy." In a tax case in which the government sought to show that the defendants created false ledgers for CEDC to hide the fact that certain expenses were personal, it wouldn't matter whether or not the expenditures were also a theft from Soundview. All that would matter was that the defendants deliberately mischaracterized the expenditures as business expenses, and thereby caused personal expenditures not to be reported as income to them. Therefore, the government's claim that it would need to prove embezzlement from CEDC at a separate tax case is false.

### Conclusion - Tax Counts

The government's "summary of argument" fails to accurately set forth the issues and facts before the Court. When the misstatements are stripped out from this "summary" it is clear that (1) the charges of tax fraud are not relevant to prove whether or not the defendants committed theft from Soundview, and (2) it makes no sense to try the tax case in the instant trial when the government intends to try the exact same case in the Southern District of New York. Instead, the two remaining tax counts should be severed and transferred to the Southern District of New York, where they can all be tried together.

### Summary - False Statement Counts

With respect to Counts Eight and Nine, we will argue tomorrow that they must be dismissed because:

- The government has conceded there is no venue for these counts in the Eastern District of New York.
- The case law is clear that the defendants have a right to move to dismiss based on lack of venue up until trial commences.
- The defendants moved to dismiss these counts promptly - just five weeks after they were indicted on these counts and just three weeks after the defendants first received from the government copies of government exhibits 291 and 292, which are the letters upon which the false statement counts are based.

4

HAFETZ NECHELES & ROCCO

- The two letters to HRSA from Soundview on which the - were not provided to the defense until February 10, 2012, *two days after the defendants' filed their motion for severance.* Thus, the government withheld from the defendants the government exhibits upon which the false statement counts are based until *after* the date on which the government now claims that the defendants were required to file the motion to dismiss these counts for lack of venue.
- The government's sharp tactics of waiting till six weeks before trial to add new charges as to which the government was aware there was no venue, not turning over copies the government exhibits which are the basis of the newly added false filing counts and which reveal a lack of venue for Counts Eight and Nine until two days *after* defendants filed their motion to sever, failing to disclose the lack of venue to the Court when the Court was deciding the severance motion on the tax counts, and inundating the defense and the Court with motions and new discovery should not be rewarded. The newly brought charges which are totally lacking in venue should be dismissed.

Respectfully submitted,

By: /s/Susan R. Necheles
Susan R. Necheles
Hafetz Necheles & Rocco
500 Fifth Avenue, 29th Floor
New York, NY 10110
Telephone: (212) 997-7595
Facsimile: (212) 997-7646
*Attorney for Pedro Espada Jr.*

/s/ Russell Gioiella
Russell Gioiella
Litman Asche & Gioiella
140 Broadway
New York, NY 10005
Telephone: (212) 809-4500
Facsimile: (646) 607-9643
*Attorney for Pedro Gautier Espada*