# HAFETZ NECHELES & ROCCO

ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110
TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

March 9, 2012

VIA EMAIL and ECF

Carolyn Pokorny, Esq.
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Pedro Espada Jr. et al.
Cr. No. 10-985 (S-3) FB

Dear Carolyn,

We called you twice yesterday to attempt to discuss the approximately 30 stipulations that you have requested but you did not return our call and instead just emailed us this morning, stating that you would not give us the names of witnesses until required to do so by Judge Block.

Because you have not returned our call, we set forth in this letter what we wanted to discuss with you about the government's proposed stipulations.

First, your proposed stipulations are inaccurate. We cannot even begin to agree to stipulations until they accurately describe the documents contained therein.

As we have said, we are willing to stipulate to the admissibility of records if we believe that we would not have any questions for the custodian of records who otherwise would testify. However, in order for us to be able to determine whether or not we can stipulate, we need to understand (i) what the documents are that you are asking for a stipulation on, (ii) the other

1

HAFETZ NECHELES & ROCCO

documents you will be seeking to introduce in evidence, and (iii) the totality of the charges against the defendants. So far we have been unable to obtain this information.

We set forth here (A) the problems in the language of the proposed stipulations, (B) other problems with government exhibits and 3500 material that is interfering with our ability to agree on stipulations, (C) what we are willing to stipulate to now, and (D) what information we need to move forward with other stipulations.

## A. **Problems With The Proposed Stipulations:**

First, you gave us thirty stipulations which (i) do not describe the documents that are contained in the approximately fifty exhibits that are referenced, (ii) frequently inaccurately state what is contained in the exhibits to which you want us to stipulate, (iii) frequently wrongly state how the documents contained in the exhibits were created, and (iv) inaccurately state that we stipulate to the admissibility of the document. Furthermore, (v) we have repeatedly had to request documents that are contained in the stipulations and still do not have legible copies of certain exhibits.

### (i) *The Stipulations Do Not Describe the Exhibits*:

Your proposed stipulations do not describe what documents are contained in the exhibits. For example, government stipulation #1 describes government exhibit 99 as documents from Connie and Pedro Espada's Citibank account. However, this exhibit does not appear to be all of the documents from this account, but instead to be certain money orders that were deposited into the account. We cannot tell exactly what this exhibit contains (in part because the documents are illegible and although we requested new copies, we have not yet received them). We cannot agree to any stipulations unless they actually describe the documents contained therein. For example, the stipulation should state "money orders from ___ deposited into Connie and Pedro Espada's checking account # ___ at Citibank during the time period ___ to ___." None of the stipulations you propose contain this basic information.

### (ii) *The Stipulations Inaccurately State What is In The Exhibits Referenced:*

Many of the proposed stipulations appear to claim that all the documents contained in an exhibit are business records of a certain entity when this is not in fact true. For example, government proposed stipulation 15 states that all the documents contained in government exhibits 2 -7 are business records of Home Depot. However, it appears to us that some of the pages of the exhibits in fact are pictures downloaded from the internet, often not even from the Home Depot web site. We don't know who downloaded these documents, when, or from where. Obviously we are not stipulating to inaccurately described exhibits and we do not understand why you would have asked us to do so, or why we have to scrutinize each page of each exhibit to discover these types of inappropriate documents included in wrongly described exhibits.

2

HAFETZ NECHELES & ROCCO

*(iii) The Stipulations Inaccurately Describe How The Exhibits Were Created:*

Virtually every one of your proposed stipulations contain identical language stating that the documents in the exhibits referenced were made in the normal course of business by someone who had knowledge of the information contained therein. This is often not true.

*(iv) The Proposed Stipulations Inaccurately State We Agree To The Admissibility of the Documents*:

We have told you that we will stipulate to what a custodian of record would testify about certain documents, but will not stipulate to the admissibility of any documents. Nonetheless each of your proposed stipulations inaccurately states that we agree to stipulate to the admissibility of the documents referenced therein.

*(v) Missing Documents Or Illegible Copies*:

We have repeatedly had to ask for exhibits we were missing or which are illegible and still have not received legible copies of some of the documents.

**B.  Other Problems with Government Exhibits And 3500 Material:**

The problems with inaccuracies in your proposed stipulations are compounded by the following additional problems with your exhibits and 3500 material:

- You have given us 3500 material for over 90 witnesses but have said the trial will only last 3 weeks. That means you don't intend to call all these witnesses but you refuse to tell us which witnesses you intend to call, and you refuse to even tell us who the first witnesses will be.

- Your allegations as to what was stolen by the defendants continue to change, almost on a weekly basis. The defense and the government had agreed that in lieu of a bill of particulars you would provide us charts that set forth the items allegedly stolen by the defendants. However, you have repeatedly changed these charts, adding and subtracting items. Just this week you added new allegations of theft concerning alleged *per diems* from the New York State Senate.

- You have continued to supply us with new exhibits and new 3500 material, almost on a daily basis, making it very difficult to review the materials since we have to keep going back over what was previously provided to see what is new or changed. Additionally, we have told you that certain exhibits you provided are illegible but we have not received new or better copies.

3

HAFETZ NECHELES & ROCCO

## C. **What We Will Agree To Stipulate To Now**:

Given these problems, there is a limited amount we can stipulate to at this point. We would be willing to stipulate now to the following:

1. Board Minutes: We would stipulate to a full set of Soundview Board Minutes. What we would agree to stipulate is that the minutes are accurate copies of minutes that are kept of Soundview Board Meetings, and that it is the ordinary course of business for Soundview to make and keep such minutes. Either side could then offer these exhibits in evidence if they were relevant.

2. Vendor Records: We would stipulate that accurately described documents that were actually created by Home Depot, City Windows, and Casa Buildings are records of those companies.

## D. **What We Need To Go Forward:**

We are also willing to enter into other stipulations with regard to accurately described documents. However, given the enormous amount of materials that you have given us in the past weeks we cannot spend more time reviewing and correcting all of your proposed stipulations. This is why we proposed to you that if you tell us who will be the first witnesses and which stipulations you need for those witnesses, we will focus on those stipulations. However, we will not do this unless you identify the order of your witnesses, so that we can also focus on what stipulations we might want from you with respect to these witnesses.

## **Conclusion**

Please call us if you wish to discuss this.

Very truly yours,

By: /s/Susan R. Necheles
Susan R. Necheles
Hafetz Necheles & Rocco
500 Fifth Avenue, 29th Floor
New York, New York 10110
Telephone: (212) 997-7595
Facsimile: (212) 997-7646
*Attorney for Pedro Espada, Jr.*

/s/ Russell Gioiella
Russell Gioiella
LITMAN ASCHE & GIOIELLA

4

HAFETZ NECHELES & ROCCO

140 Broadway
New York, New York 10005
Telephone: (212) 809-4500
Facsimile: (646) 607-9643
*Attorney for Pedro Gautier Espada*

cc: Roger Burlingame, Esq.
Todd Kaminsky, Esq.