# HAFETZ NECHELES & ROCCO
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110
TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

March 9, 2012

Hon. Frederic Block
United States District Court
Brooklyn Federal Court House
225 Camden Plaza
Brooklyn, New York 11201

Re: United States v. Pedro Espada Jr. et al.
Cr. No. 10-985 (S-3) (FB)

Dear Judge Block,

Defendants Pedro Espada, Jr. ("Espada") and Gautier Espada respectfully submit this letter as a motion *in limine* to preclude evidence of alleged thefts from Soundview not included in the government's trial charts as of Friday March 9, 2012. In addition, the defendants move to preclude the government from introducing evidence at trial that concerns (1) Soudview's failure to pay its vendors, (2) guilty pleas by Soundview employees in 2005, and (3) improper testimony on tax law and rules.

The defendants do not at present move to preclude the government's proposed expert testimony regarding various rules and regulations for non-profit organizations because the Court already has ruled that it will question the expert before he testifies and will make rulings at that time regarding the scope of the testimony.

## Argument

### 1. The Theft Allegations

In lieu of a bill of particulars, the government and the defendants previously agreed that the government would provide charts to the defendants that identify the alleged thefts that make up the conspiracy to steal from Soundview and the substantive charges of theft from Soundview.

1

Hafetz Necheles & Rocco

Over the past year, the government has provided the defendants with various charts, but it has continuously amended them, adding numerous new theft allegations. From April 2011 to February 2012, the number of alleged thefts in the government's charts increased from approximately 550 to almost 1,300 transactions. Since January 2012 alone, the government has added 106 new alleged thefts. At the same time, the government has repeatedly retracted numerous transactions that it once characterized as thefts by the defendants.

As *United States v. Bortnovsky*, and other cases set forth, a bill of particulars serves to "prevent surprise" and allows a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial." 820 F.2d 572, 574 (2d Cir. 1987) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)); *see also United States v. Savin*, 2001 WL 243533, at *2 (S.D.N.Y. March 7, 2001); *United States v. Nachamie*, 91 F.Supp. 2d. 565, 570 (S.D.N.Y. 2000). As the case law holds, the government is "strictly limited to proving what it has set forth" in a bill of particulars at trial. *United States v. Germain*, 33 Fed. Appx. 565 (2d Cir, 2002) (quoting *United States v. Glaze*, 313 F.2d 757, 759 (2d Cir. 1963)); *see also United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (noting that "a bill of particulars, like the indictment, is designed to define and limit the government's case [and as] with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial.").

Because the government's charts are the effective bill of particulars in this case, the charts identify the specific alleged thefts that are at issue and thus enable the defendants to prepare for trial. It is now just days before trial, and the government cannot be permitted to continue to amend the theft charges that the defendants face. Accordingly, the defendants ask the Court to limit the government to proving only those thefts identified in the government's most recently revised charts, which are dated March 6 and March 7. The defendants also move to preclude the government from introducing evidence of alleged thefts that the government previously included in its charts, but has since retracted.

### 2. *Failure to pay vendors*

The § 3500 material and exhibits indicate that the government intends to elicit evidence that at the time that the defendants were allegedly stealing money from Soundview, Soundview owed substantial amounts of money to vendors. Soundview's inability to pay its vendors is irrelevant to the issue of whether the defendants' expenditures of money were theft. Theft is theft whether the alleged victim was rich or poor. The alleged victim's economic situation has no relevance to the issue of whether or not the defendants committed theft.

If the defendants stole from Soundview, then they committed a crime, regardless of whether Soundview owed money. Likewise, if the defendants did not steal from Soundview, then there was no crime, regardless of Soundview's debts.

HAFETZ NECHELES & ROCCO

In addition to being irrelevant, evidence that Soundview owed money to vendors would be unfairly prejudicial because it could inflame jurors' passions against the defendants for lawfully receiving compensation and benefits while Soundview struggled financially. Just as it is unduly prejudicial to attempt to inflame the jury's passions against a party by introducing evidence that the party is rich, so too it is irrelevant and unduly prejudicial to introduce evidence that the victim was poor. *United States v. Stahl*, 616 F.2d 30 (2d Cir. 1980). Such evidence would "confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *United States v. Defreitas*, 2010 WL 2292194, at *2 (E.D.N.Y. June 3, 2010) (quoting *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006)). For these reasons, evidence of Soundview's failure to pay its vendors must be excluded.

### 3. *Evidence of Prior Criminal Activity By Espada*

The government has indicated that Maria Cruz intends to testify that in 2005 she committed a crime other than the one to which she pleaded guilty at the request of Pedro Espada, Jr. Specifically, Ms. Cruz admits that she told people who were working at Soundview that they should work on Espada's campaign during working hours. This is the crime to which she pleaded guilty in 2005.

However, Ms. Cruz says that the only reason she pleaded guilty was because Espada pressured her to do so. She also says that prior to 2005, she reimbursed people who were donating money to Espada's campaign, and that she did this at Espada's direction.

Ms. Cruz should be precluded from testifying about this. The illegal campaign contributions are not charged in this case. They would be unduly prejudicial and would not tend to prove the specific allegations in this case.

### 4. *Improper Testimony Concerning Tax Laws and Rules*

As the Court is aware, the majority of the tax charges have been dismissed or severed from this case. Nonetheless, the government has told defense counsel that it still intends to call as witnesses all of defendants' accountants for the years 2004 through 2010 and to elicit testimony from these witnesses, *inter alia,* about certain tax rules that are unconnected to their testimony.

The government has not provided defendants with notice that any that these witnesses would be testifying as experts, or notice of the subject matter of their testimony or if they will give any opinions. Accordingly, the government should be precluded from attempting to turn accountants, who are fact witnesses, into expert witnesses on tax law

Furthermore, although the accountants may testify as to what they *thought* the law to be on tax issues that they handled, the government may not offer their testimony as affirmative

3

Hafetz Necheles & Rocco

proof of what the tax laws and regulations *are*. It is for the Court to instruct the jury on the applicable law. *See e.g. United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991).

## Conclusion

For the reasons stated herein, the Court should grant defendants' request to preclude the government from introducing evidence of alleged thefts from Soundview that are not already included in the government's charts as of Friday March 9, 2012. The Court also should grant the defendants' request to exclude evidence regarding (1) Soudview's failure to pay its vendors, (2) Maria Cruz's allegation that Espada engaged in other criminal conduct involving reimbursing Soundview employees for their contributions to Espada's campaign, and (3) explanations of tax law and rules by accountant witnesses beyond the facts of their testimony.

Respectfully submitted,

By:  /s/Susan R. Necheles
     Susan R. Necheles
     Hafetz Necheles & Rocco
     500 Fifth Avenue, 29th Floor
     New York, New York 10110
     Telephone: (212) 997-7595
     Facsimile:   (212) 997-7646
     *Attorney for Pedro Espada, Jr.*

     /s/ Russell Gioiella
     Russell Gioiella
     LITMAN ASCHE & GIOIELLA
     140 Broadway
     New York, New York 10005
     Telephone: (212) 809-4500
     Facsimile:   (646) 607-9643
     *Attorney for Pedro Gautier Espada*