

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RB:TK

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 12, 2012

The Honorable Frederic Block
United States District Court
Brooklyn Federal Courthouse
225 Cadman Plaza, East
Brooklyn, New York 11201

        Re:  United States v. Espada et al.
             Cr. No. 10-985 (S-2)(FB)

Dear Judge Block:

      The government submits this letter in opposition to the defendants' March 9, 2012 motion <u>in</u> <u>limine</u>. For the reasons stated below, the Court should deny each of defendants' requests to exclude evidence.

<u>The Theft Allegations</u>

      The defendants request that the Court preclude the government from introducing evidence concerning <u>any</u> transaction undertaken by the defendants that is not included in the government's "theft charts." Those charts detail the individual acts of theft that, when grouped together, constitute the $5,000 or more in embezzled funds in a given year that result in a violation of 18 U.S.C. § 666.

      The defendants' request is sweeping and over-broad. The defendants are charged not simply with stealing from Soundview, but with conspiring to do so. The government is thus entitled to introduce evidence of certain transactions that prove the conspiracy, irrespective of whether they are counted as one of the acts that amount to $5,000 in a particular year. Moreover, evidence of attempted thefts and other transactions is relevant to the defendants' state of mind and claims of mistake or accident, and will provide context and background to various witnesses' testimony. For these reasons, the defendants motion should be denied.

<u>Failure to Pay Vendors</u>

      Defense counsel has stated repeatedly that the defendants are not guilty of stealing from Soundview because either Soundview's Board of Directors or Soundview employees

"approved" the very acts the government allege constitute theft, including the use of hundreds of thousands of dollars of Soundview's money for expensive meals, luxury vehicles and vacations.  This "approval," however, is far from explicit and will require jurors to infer the claimed consent from contracts, Board of Directors meeting minutes and other documents.  It will also require the jurors to reject the testimony of Soundview employees and Board members who will testify that they never approved such expenditures and would not have <u>precisely because</u> Soundview could not afford to squander its precious resources.

To aid the jury in its consideration of this evidence — and the defendants' claims with respect it  — it is particularly important that the jury have a firm understanding of Soundview's financial health.  During the very time that the defendants claim they received "approval" for their lavish spending, Soundview could not meet its basic financial obligations, such as paying for rent and basic medical supplies.  As a result, the government will argue that the defendants' claims of "approval" are far-fetched, unreasonable and contrary to the evidence.  The jury cannot be asked to evaluate the defendants' central contention in a vacuum, and instead must be aware of what was taking place at Soundview at the time the defendants claim they received their claimed approval.

<u>Evidence of Prior Criminal Acts</u>

The defendants have made clear that they intend to inquire into prospective government witness Maria Cruz's 2005 conviction.  Ms. Cruz signed a cooperation agreement with the New York State Attorney General's Office in which she admitted to (1) working on one of Espada's campaigns during work hours, and (2) reimbursing individuals who provided donations to Espada's campaign so that Espada could improperly receive matching funds.  Ms. Cruz is expected to testify that she committed the matching funds crime, but will assert that she never campaigned during work hours.

The defendants wish to present Ms. Cruz as one who lied under oath by now claiming that she is innocent of a crime to which she pleaded guilty.  To properly evaluate this claim, the jury must understand the two reasons she did so.  First, Ms. Cruz will testify that she pled guilty because Espada exerted pressure on her, including extending financial incentives, so that the Attorney General's investigation, of which he was a principal target, would come to an end.  Second, at Espada's request, Ms. Cruz <u>did</u> commit the matching funds crime, and she was advised by her lawyer that in order to resolve that case, she

2

should accept the probationary plea offer and plead guilty as requested. For these two reasons, she entered her plea. That plea cannot be properly evaluated when freed from this context.

Tax Laws and Rules

Numerous accountants who performed services for the defendants will explain to the jury basic accounting and tax principles so that the jury will comprehend their testimony. There is nothing improper about eliciting such testimony. See United States v. McMillan, 600 F.3d 434, 457 (5th Cir. 2010) (In case where accountant-witnesses were fact witnesses but also provided jury with definitions of certain accounting terms, court did not find testimony to be improper); United States v. Rigas, 490 F.3d 208, 224 (2d Cir. 2007) ("A witness's specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony 'expert' as long as it was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise.").

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By:     /s/
    Carolyn Pokorny
    Assistant U.S. Attorney

cc: Defense counsel (by ECF)