# HAFETZ NECHELES & ROCCO

ATTORNEYS AT LAW

---

500 FIFTH AVENUE
NEW YORK, N.Y. 10110
TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

March 12, 2012

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Pedro Espada, Jr., et al., 10 CR 985 (s-2)(FB)*

Dear Judge Block:

We write this letter just to briefly reply to one argument raised by Ms. Pokorny in her March 12, 2012 response to the defendants' motion *in limine*: the claim that because a theft is charged in Count One of the Indictment, the government should therefore be able to introduce evidence of any transaction whatsoever that involve theft or "prove the conspiracy," whether or not the government previously gave notice to the defendants of these transactions.

There are three reasons why this argument must be rejected.

First, the government has over 1200 transactions which it claims are "theft" by Espada which are listed in its charts. Some of these transactions are as much as seven years old. As to every transaction, the defense has had to investigate what the transaction was, what is the government's claim, what does the defense believe really occurred, what documents relate to this transaction, and who are the witnesses. This has been an enormous task. The government has given the defense eleven versions of these charts since 2011, and has given five new versions of these charts in the last month alone. It would be a basic denial of fundamental fairness to allow the government to keep amending these charts or to introduce evidence at trial as to other transactions which the defendants have not even had the opportunity to investigate.

Second, the charts were the government's Bill of Particulars and the defense was entitled to rely upon them. Since April 5, 2011 the government repeatedly assured defense counsel that these charts would give defendants notice of all the theft transactions it intended to introduce at trial. The defense reminded the government on a number of occasions that it was relying on

HAFETZ NECHELES & ROCCO

these charts *in lieu* of a Bill of Particulars. This is documented in an August 15, 2011 letter that I sent to the AUSAs who were handling the case at that time, Ms. Kavanagh and Mr. Kaminsky, which is enclosed herewith as Exhibit A. On that same date defense counsel had a conversation with the prosecutors in which defense counsel reiterated that we were relying on these charts and asked when we would receive the final charts, and the prosecutors specifically stated they would give defense counsel the final charts concerning the thefts well in advance of trial. A copy of the memo to my office file concerning this conversation between defense counsel and the prosecutors (written contemporaneously by a paralegal in my office) is attached hereto as Exhibit B.

It is possible that Ms. Pokorny was not aware of these conversations and promises by the government because she was not involved in this case at that time. But there is no question that the government provided these charts as a Bill of Particulars and assured defense counsel that the final versions of these charts would include all of the transactions that the government intended to prove at trial were theft from Soundview.

Thus, the charts are a Bill of Particulars and the government should now be limited to introducing evidence concerning the transactions as to which they gave defense counsel notice.

Indeed, we submit, being limited to proving over 1200 transactions is no limit at all.

Third, the government's argument that the government is entitled to introduce evidence of other thefts or "transactions" not specified on these charts because "evidence of attempted thefts and other transactions is relevant to the defendants' state of mind and claims of mistake or accident, and will provide the context and background to various witness' testimony" completely ignores Rule 404(b). Rule 404(b) requires the government to give notice of evidence that the prosecutor intends to introduce of other crimes. The government's notice here has been limited to the crimes listed in the charts. Accordingly, the government should not now be permitted to introduce evidence of any transactions which the government claims were theft, or part of the conspiracy to commit theft, that were not listed on the government's chart as of Friday, March 9, 2012. We include as Exhibit C a copy of the government's charts as of that date.

                                                   Respectfully submitted,

                                By:   /s/Susan R. Necheles
                                        Susan R. Necheles
                                        Hafetz Necheles & Rocco
                                        500 Fifth Avenue, 29th Floor
                                        New York, New York 10110
                                        Telephone: (212) 997-7595
                                        Facsimile:  (212) 997-7646
                                        *Attorney for Pedro Espada, Jr.*

HAFETZ NECHELES & ROCCO

/s/ Russell Gioiella
Russell Gioiella
LITMAN ASCHE & GIOIELLA
140 Broadway
New York, New York 10005
Telephone: (212) 809-4500
Facsimile:  (646) 607-9643