

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2010R00420

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 15, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>United States v. Pedro Espada, Jr. et al.</u>
          <u>Criminal Docket No. 10-985 (S-2)(FB)</u>

Dear Judge Block:

    At the close of trial yesterday, the defendants moved to preclude the testimony of prospective government witness Alexander Fear, claiming that his testimony was irrelevant because it solely went to counts of the indictment that have been dismissed. The defendant is wrong; Fear's testimony is direct evidence of the central fact that the defendants have placed at issue is this case.

    In opening, the defense stated that the government would be unable to prove that Pedro Espada, Jr. ("Espada") stole from Soundview because he did not have the requisite intent. In support, defense counsel repeatedly stated that he did not lie or cover-up his theft, but received money and benefits from Soundview "out in the open" — behavior inconsistent with the intent to steal.[1] Tr. 365. This behavior included Espada fully and openly disclosing the facts concerning the money and benefits he received from Soundview to its regulator — "the agency in charge . . . HRSA, they knew all about this." Necheles Opening at Tr. 361.

---

    [1] "Ask yourself, does the government evidence prove that Espada did not think he had the right to use the money? Was he trying to hide it? Was he being sneaky? Was he doing something hidden? Or was it all out in the open? Because the question will be, in part, Espada's intent. To steal money you have to intend to take money that you have no right to take." Necheles Opening at Tr. 365.

   In direct opposition to these claims, Mr. Fear will testify that in January 2009 Espada instructed him to write a letter to HRSA falsely reporting that Espada's salary had been lowered by more than $60,000 when, in fact, it had not been lowered at all.  Mr. Fear will testify that Espada instructed him to write this letter in response to HRSA's concerns that his salary had not gone down following his election to the New York State Senate despite the fact that he would no longer be able to work full time for Soundview.  Mr. Fear will testify that the false information contained in the letter came from Espada, and that Espada reviewed the letter — which contains clear, demonstrable lies — before Mr. Fear sent it to the regulators.

   Mr. Fear's testimony concerning Espada's lie to the regulators about the money he received from Soundview strikes at the heart of the defendants' vehemently-argued defense.  If the jury is to pass judgment on the argument that Espada is not guilty because he drained money from Soundview out in the open and did not lie to anyone — including government regulators — to cover it up, it must have access to the facts that directly belie that claim.

            Respectfully submitted,

             LORETTA E. LYNCH
             United States Attorney

          By:    /s/
             Carolyn Pokorny
             Assistant U.S. Attorney
             (718) 254-7000

cc: Defense Counsel