# HAFETZ NECHELES & ROCCO

ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110
TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

March 19, 2011

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re:    U.S. v. Pedro Espada, Jr. et al.
10-CR-985 (FB)

Dear Judge Block,

Defendants Pedro Espada, Jr. and Pedro Gautier Espada respectfully submit this letter to briefly address the Court on two critical issues that have arisen at trial: (1) the right of the defendants to present a defense that the ongoing government investigations of Soundview over the past ten years, the prosecution of Soundview employees and the threats to Soundview in this case all have caused witnesses to tailor their testimony for the government out of fear they will be prosecuted, and; (2) the defense is not required to give the government in advance documents it will use to cross-examine government witnesses.

1

HAFETZ NECHELES & ROCCO

## **Argument**

### *1. The defense theory.*

Part of the defense theory in this case is as follows: For many years, Soundview has been under investigation, and every time Espada runs for office, a new investigation starts. Employees of Soundview long have known of these investigations and outside scrutiny, and as a result, they took extra care not to do anything illegal. In addition, over the years Soundview employees have believed that the government will seek to get Espada by prosecuting other Soundview employees. The defense will argue, based on the evidence, that former employees are now terrified of the government and therefore are tailoring their testimony to satisfy the government so that they can avoid criminal liability.

The government continues to describe this defense as one of "selective prosecution." That is wrong. A selective prosecution defense is "not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charges for reasons forbidden by the Constitution." *United States v. Reagan*, 103 F.3d 1072, 1081 (2d Cir. 1997). In contrast, what the defense argues here is that a witnesses' awareness of the government's long-running pursuit of Espada is relevant to their state of mind and that the government's threats and other pressure tactics severely undermine their credibility.

In *Kyles v. Whitley*, the Supreme Court recognized a defendant's right to attack "the reliability of the investigation" and to demonstrate that he has been framed. 514 U.S. 419, 446 (1995). In criminal cases, the defense frequently seeks to "discredit the caliber of the investigation or the decision to charge the defendant," and the defendants are entitled to do so here. *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) (quoted in *Kyles* at 446); *see also United States v. Aguilar*, 2011 WL 6097144, at *22 (C.D. Cal. 2011 Dec. 1, 2011) (the jury is entitled to consider "facts demonstrating a skewed or biased investigation") (citing *Carriger v. Stewart*, 132 F.3d 463, 481 (9th Cir. 1997)).

The defendants unquestionably have the right to attack the credibility of the government's witnesses. The defendants will show that, witness by witness, the government has intimidated and coerced Soundview employees and others into saying what the government wants in order to convict Espada. Based on this evidence, the defendants are entitled to argue that the government's witnesses are not to be believed and that the government has attempted to frame the defendants. This defense has nothing to do with a claim of selective prosecution and it would be a denial of the defendants' Sixth Amendment rights to present them from developing this defense through documents and cross-examination of witnesses.

### *2. Notice of materials used by the defense for cross-examining government witnesses.*

The government repeatedly has interrupted defense cross-examination of witness Maria Cruz when the defense has shown Cruz a document to refresh her recollection or to contradict

2

HAFETZ NECHELES & ROCCO

her testimony. The majority of these documents are being used to impeach Cruz. For example, Cruz has suggested that Soundview's Board of Directors is not competent, and the defense will introduce evidence, including minutes of board meetings, showing that this is a lie. Likewise, Cruz testified that she never discussed the fact that Soundview was constantly under investigation because of Espada's political career; the defense will introduce evidence showing that Cruz often was present for these discussions. These are but two examples.

The defense appreciates the Court's efforts to be fair to both sides. The defense is trying to give the government as much notice as possible of evidence we plan to introduce on cross-examination. But these documents contradict what Cruz says and therefore the defense is not required to provide them to the government in advance of cross-examination.

Moreover, the defense did not know exactly what testimony the government would elicit from Cruz, or how her testimony would vary with the § 3500 material. The government chose not to provide the defense with notes from many of its meetings with Cruz. The § 3500 material for Cruz does not contain any notes or other 302s from after February 2012. While testifying, Cruz has addressed some topics in the § 3500 material, and not others. She testified about a number of areas never addressed in the § 3500 material and also changed her story from what she previously told the government. Thus, the defense could not know in advance what documents it would need to introduce to cross-examine Cruz.

The defense also respectfully asks the Court not to blame the defense for delay in turning over documents in advance of cross-examination when it is not required to do so. When the government objected on Friday that it had not had time to review documents shown to Cruz during cross-examination, the Court instructed the jury that an adjournment was necessary and admonished the defense that, "I would just hope that we would not have to stop and halt the trial to do this every time a document is going to be offered into evidence." (Trial Tr., Friday March 16, 2012 at 741:21-742:3) After the jury left, the Court further warned the defense that it would continue to grant adjournments if the defense did not, in advance, provide prosecutors with all documents the defense intends to introduce during cross-examination and that "eventually the jurors will realize that these adjournments are caused by Ms. Necheles and not by [the government]." (*Id.* at 881:8-18). Such admonitions and instructions to the jury greatly prejudice the defendants and are not justified.

### Conclusion:

For the foregoing reasons, the Court should disregard the government's irrelevant arguments regarding the purported selective prosecution defense, and should prohibit the government from continuing to disrupt the defense's cross-examination of government witnesses, based on the specious argument that the defense wrongly withheld documents.

HAFETZ NECHELES & ROCCO

Respectfully submitted,

By:   /s/Susan R. Necheles
        Susan R. Necheles
        Hafetz Necheles & Rocco
        500 Fifth Avenue, 29th Floor
        New York, New York 10110
        Telephone:  (212) 997-7595
        Facsimile:   (212) 997-7646
        *Attorney for Pedro Espada, Jr.*

        /s/ Russell Gioiella
        Russell Gioiella
        LITMAN ASCHE & GIOIELLA
        140 Broadway
        New York, New York 10005
        Telephone:  (212) 809-4500
        Facsimile:    (646) 607-9643