# HAFETZ NECHELES & ROCCO
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110

TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

April 11, 2011

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

Re: U.S. v. Pedro Espada, Jr. et al.
10-CR-985 (FB)

Dear Judge Block,

We write this letter in reply to four arguments made by the government in its letter of April 11, 2012 (ECF 142) regarding the introduction of certain seized documents into evidence.

1. **The Government's Agency Argument Is Wrong and Lacks Evidentiary Foundation**

In the chart attached to its letter, the government repeatedly mischaracterizes everyone who works at Soundview as agents of Pedro Espada, Jr.. The employees of Soundview work *for Soundview*, not for Espada. Nowhere does the government cite to any authority for the proposition that all of Soundview's employees—who number 125, according to testimony—are agents of the CEO. The government completely ignores the fact that it must first present foundational evidence that establishes an agency relationship between Espada and the declarant. (*See* Defendants' Letter of April 10, 2011, ECF 140).

2. **The Government's Adoptive Admissions Argument Is Wrong and Lacks Evidentiary Foundation**

For the first time the government now argues that statements by Soundview employees in emails and other documents which the government seeks to introduce are adoptive admissions of Espada. The government completely ignores the requirement to present foundation testimony to show, *inter alia*, that Espada saw and had notice of the statements. Indeed, one document that the government seeks to introduce was subpoenaed from Phil Valdez, the comptroller for Soundview, *personally*. A personal subpoena to an employee of Soundview is not an admission by Espada.

1

HAFETZ NECHELES & ROCCO

3. **The Government's Argument That the Pad of Notes Seized From Espada's Office Is Admissible Makes No Sense**

The government claims that the large notepad of handwritten notes seized from Espada's office is relevant makes no sense. Espada did not challenge the handwriting conclusions by the government's expert. He has only challenged some signatures identified as his. The pad of paper does not contain signatures. It is therefore irrelevant.

4. **Age of Cases**

We note in passing that government urges the Court to ignore cases cited by the defense in part because they are "decades old," but the government fails to acknowledge that the only two cases *it* cites in its letter—*United States v. Silker* and *United States v. Calbas*—are respectively 28 and 25 years old. (And *Calbas*, which holds that co-conspirator statements are admissible, is totally irrelevant in this case).

Respectfully submitted,

By:  /s/Susan R. Necheles
Susan R. Necheles
Hafetz Necheles & Rocco
500 Fifth Avenue, 29th Floor
New York, NY 10110
Telephone: (212) 997-7595
Facsimile: (212) 997-7646
*Attorney for Pedro Espada Jr.*

/s/ Russell Gioiella
Russell Gioiella
Litman Asche & Gioiella
140 Broadway
New York, NY 10005
Telephone: (212) 809-4500
Facsimile: (646) 607-9643
*Attorney for Pedro Gautier Espada*