# HAFETZ NECHELES & ROCCO
ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110
TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

April 12, 2012

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re: <u>U.S. v. Pedro Espada, Jr. et al.</u>
         10-CR-985 (FB)

Dear Judge Block,

  We write this letter to respond to the government's latest submission, and latest attempt to introduce more documents without foundational testimony.

### The Government's Attempt To Shortcut The Rules Of Evidence

  Before trial the defense stated that given all of the "other act" evidence that the government sought to introduce in evidence[1], this case would last much longer than the three weeks that the government predicted. The defendants were correct and the jury is now expressing impatience. Hoping to capitalize on this problem that it created by refusing to sever the charges and limit the evidence to the crimes charged in this case, the government now urges the Court to allow it to introduce around 35 critical documents without calling any witness to establish an evidentiary foundation for these documents, or testify how these documents were created or what they were based on.

---

[1] This includes evidence concerning alleged false statements to Medicaid, HRSA, violation of HRSA bidding standards, a tax audit of CEDC in 2002, and filing of false tax returns in 2004, 2005, 2006, 2007 and 2008.

1

Hafetz Necheles & Rocco

The government's multiple submissions have clarified the most troubling aspect of the procedure proposed by the government. What the government is attempting to do is to have Your Honor substitute your judgment on the facts for the jury's judgment. The government is asking Your Honor to make multiple factual findings about each document in question - based on no evidence except for the government's unsworn statements in charts - and to admit the documents in evidence based on these factual findings.

Thus, for example, the government repeatedly asserts that a writer of a document was acting in his or her capacity as an agent for Espada when he or she wrote a document. Or, the government claims that a document was shown to Espada, signed by Espada, or was a business record of Soundview. But there has been no testimony as to these government assertions. Instead, the government asks Your Honor to rely on the prosecutor's unsworn hearsay statements.

The defense, however, has not had the opportunity to cross-examine any witness as to these statements. So if the Court follows the procedure suggested by the government, approximately thirty documents on critical issues will be admitted in evidence based on unsworn hearsay allegations by the prosecutor.

Moreover, if the Court allows these documents in evidence the jury will have no facts on which they can evaluate the government's claim that these documents are admissions by Espada or were made by an agent of Espada or are business records since the jury will not have heard any testimony by a witness as to the source of the information in the documents or the manner in which the documents were created or kept. Nor will the jurors have any ability to evaluate anything else about the documents or to decide what weight to give to the documents.

The government is, thus, asking the Court to (1) deprive the defendants of their right to cross-examine the witnesses who prepared these documents, (2) deprive the defendants of their right to have the jurors determine the facts of this case based on sworn testimony of witnesses, rather than unsworn hearsay statements made by prosecutors to the Court, and (3) shift the burden of proof, and require the defendants to call witnesses to explain documents that were dumped in evidence without any foundation.

What the government asks Your Honor to do is unconstitutional and impermissible. The government's motion to admit these documents in evidence without foundational witnesses should be rejected in its entirety.

As to the recent submission of the government, which lists new documents that it seeks to admit without a witness and purports to recite "anticipated defense objections", we find it ludicrous that the government presumes to speak for the defense. We have the following objections to the new documents listed on the government's latest chart:

Hafetz Necheles & Rocco

### The New Exhibits The Government Seeks To Introduce Without A Witness

1. **Government Exhibit 34 and 39b**. Each of these exhibits are a compilation of documents, including checks paid to Espada, a memorandum purportedly written by Ken Brennan stating that it attaches a schedule of personal items that were charged by Espada on the American Express account and will be reimbursed by pay in lieu of vacation time, calculations and lists of charges prepared by unknown people, and a copy of an American Express statement.

The government would like to put these documents in evidence with no witness to testify as to how they were created and would like to use these documents to prove that Espada knew what was being charged to his American Express account, and that he deliberately failed to specify other charges as personal.

The truth is more complicated, as the government well knows. The government seized dozens of versions of American Express charts and multiple versions of marked up American Express statements from both the Controller's office and the CFO's office. The American Express statements and the charts all differ from each other. We attach as Exhibit A to this letter some of the charts which the government does *not* seek to introduce in evidence. Given this plethora of different charts, not one of these charts can be said to be "self authenticating."

Indeed, if the government's motion to introduce one version of these charts or summaries in evidence without a witness is granted then defense will seek to introduce *all* the other versions of the documents in evidence, so that the jury can understand that the version introduced by the government was not the only version of the American Express calculations, and that all of the versions are full of errors, committed by people other than the defendants.

It is precisely because of the many mistakes in these documents that a witness is needed to explain how these documents were created.

The government's response that the defense can call a witness to explain these documents is flippant and misunderstands our constitutional system. The defense does not have the burden of disproving the charges against him. The government has the burden of presenting competent evidence that complies with the hearsay rules. The government's attempt to avoid that obligation here should be rejected.

2. **Government Exhibit 69**. This is another compilation exhibit which the government seeks to introduce without a witness. Again, this document and how it was created is not self explanatory or self-authenticating.

HAFETZ NECHELES & ROCCO

3. **Government Exhibits 164 and 165**. These documents are two emails from Norma Ortiz. Rather than attempting to have Ms. Ortiz authenticate and explain these emails when she was on the stand, the government has chosen to now try to introduce them without her testimony.

According to the government's chart, this document is not hearsay because it was a statement by Espada's employee about a matter within the scope of her employment. Both of these arguments are based on the prosecutor's unsworn statement and are demonstrably wrong.

First, government exhibit 165 is an email that was sent on September 29, 2009 from Norma Ortiz's computer in Florida. On that date, as the government is aware, Ms. Ortiz was no longer working for Soundview - she retired in July 2009. However, her email account continued to be backed up onto Soundview's servers, so this email was copied onto Soundview's server and seized by the government in their search of Soundview. It is clear, however, that Ms. Ortiz was not an employee of Soundview at the time that she wrote this email (moreover, she was never "Espada's" employee - she worked for Soundview).

In addition, the email was written to Ms. Ortiz's daughter and it contained as an attachment a word document, which purported to be a letter to Senator Espada from Norma Ortiz written a year earlier mentioning sending 1000 invitations for an unidentified fundraiser. The authenticity of this attachment is at least questionable - why would Norma Ortiz have on her home computer in Florida a copy of a letter that she supposedly wrote to Senator Espada at Soundview one year earlier? Moreover, Ms. Ortiz had a very rocky relationship with her daughter (see attached email, Exhibit B, in which Ms. Ortiz tells another person that Ms. Ortiz's daughter had a restraining order issued against Ms. Ortiz) and Ms. Ortiz's motives for sending the email in question to her estranged daughter, and the veracity of the information in the email, are questionable.

Thus, an email sent to Ms. Ortiz's estranged daughter from Ms. Ortiz's home computer six months after she retired from Soundview with a mysterious attachment cannot be considered a business record or a record that was made by Mr. Espada's employee concerning a matter within the scope of her employment.

With respect to government exhibit 164, again this is an email from Norma Ortiz to an unidentified person with an attachment labeled "invitation final." The attachment is two pages of a proof for an email invitation. There is no indication whether this invitation was in fact ever printed or what happened. Again, this refers to a political event and Norma Ortiz's business duties did not include arranging political events.

4

HAFETZ NECHELES & ROCCO

## CONCLUSION

For the reasons stated above and in our prior submissions the government's attempt to introduce documents without a witness should be rejected and the government's motion denied.

Respectfully submitted,

By: /s/ Susan R. Necheles
Susan R. Necheles
Hafetz Necheles & Rocco
500 Fifth Avenue, 29th Floor
New York, NY 10110
Telephone: (212) 997-7595
Facsimile: (212) 997-7646
*Attorney for Pedro Espada Jr.*

/s/ Russell Gioiella
Russell Gioiella
Litman Asche & Gioiella
140 Broadway
New York, NY 10005
Telephone: (212) 809-4500
Facsimile: (646) 607-9643
*Attorney for Pedro Gautier Espada*