U.S. Department of Justice



*United States Attorney*
*Eastern District of New York*

F.#2010R00420

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

April 24, 2012

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    United States v. Pedro Espada, Jr. et al.
                      Criminal Docket No. 10-985 (S-2)(FB)

Dear Judge Block:

        We write in response to the defense's April 23, 2012 letter accusing the prosecutors of misconduct.  Their letter is factually and legally empty.

        First, the defense claims that witnesses Norma Ortiz and Phil Valdez were "threatened" by the government and that such threats were not disclosed.  We disagree that telling witnesses's attorneys that they must tell the truth and cannot commit perjury is a "threat."  Further, we note that both witnesses were immunized from prosecution.  Also, the defense claims about non-disclosure are belied by the fact that the both witnesses were vigorously cross-examined about their interactions with the government at trial, portions of which the defense notes in their own letter at p. 2 and cites as the basis for their motion.

        Second, the defense claims that the government secretly threatened witness Maria Cruz with the possibility of being prosecuted.  Again, the fact that the defendants cite the trial transcript belies any allegation of non-disclosure.  That Cruz faced possible criminal prosecution and received a non-prosecution agreement was disclosed and the subject of extensive cross-examination.

        Third, the defense claims that witness Koppelman was "threatened" with prosecution - again, citing the trial transcript, which itself demonstrates disclosure.  Notably, defendants fail to mention that the government disclosed its allegedly threatening interaction with Koppelman in a letter to the defense dated March 8, 2012.[1]

---

[1] The letter stated, "in an initial meeting with the government, the government told . . . the attorney for witness Mark Koppelman, that it believed that Mr. Koppelman had not provided the government with a complete and coherent story concerning the tax and accounting work he performed on behalf of [CE DC] and Pedro G. Espada [and] that Mr. Koppelman knew of additional facts about which he had not been forthcoming during the initial meeting.  Further, the government told [the attorney] that if the government uncovered evidence that Mr. Koppelman was

Fourth, the two cases the defendants cite are not binding and unhelpful. The defense mis-cites <u>United States v. Owen</u>, 580 F.2d 365, 367-68 (9th Cir. 1978), where the Ninth Circuit actually held that: (1) dismissal of an indictment was "an extreme sanction which should be infrequently utilized"; (2) that "these supervisory powers remain a harsh, ultimate sanction (which) are more often referred to than invoked"; and (3) that the defendant must demonstrate prejudice. <u>Id</u>. (citing references omitted). Notably, the Court in <u>Owen</u> found that dismissal was <u>not</u> warranted even though the government allegedly had pressured a defendant to cooperate against his own defense lawyer. <u>Id</u>.

Equally unavailing is the unpublished decision of a district court in California, <u>United States v. Ruehle</u>, Crim. Docket No. 08-139 (C.D. Cal. Dec. 15, 2009). That facts of that case, which are utterly inapposite and extreme, involved prosecutors who:

- caused two witnesses to be fired from their jobs in retaliation for declining to cooperate (<u>Ruehle</u> T. 5196);

- interjected their views of the evidence during witness prep (T. 5196);

- told a witness she would not receive the benefits of cooperation unless she testified differently than she had in an earlier prep session (T. 5196);

- attempted to negotiate the testimony of a witness by "promising a soft cross" if the witness incriminated the defendant (T. 5197); and

- leaked false information to the media about a witness as part of a campaign of harassment (T. 5198); and

- misled a witness into believing that the prosecutor would be replaced because of misconduct (T. 5198).

Finally, the defendants offer no authority for the novel idea that two of the prosecutors should be barred from further involvement in the trial (Def. Let. at 2).

---

withholding information, he might subject himself to potential criminal charges. The government ultimately concluded that Mr. Koppelman was not withholding information, and that the information he provided was credible."

2

In sum, the defense claims are empty, and deserve short-shrift.

                                           Respectfully submitted,

                                           LORETTA E. LYNCH
                                           United States Attorney

By:      /s/
                     Carolyn Pokorny
                     Assistant U.S. Attorney
                     (718) 254-6291

cc:    Defense Counsel (via ECF)