Case 1:10-cr-00985-FB   Document 191   Filed 07/09/12   Page 1 of 8 PageID #: 2585

# HAFETZ NECHELES & ROCCO

ATTORNEYS AT LAW

500 FIFTH AVENUE
NEW YORK, N.Y. 10110
TELEPHONE: (212) 997-7595
TELECOPIER: (212) 997-7646
E-MAIL: INFO@HNRLAWOFFICES.COM

July 9, 2012

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  U.S. v. Pedro Espada, Jr. 10 Cr 0985 (s-2) (FB)

Dear Judge Block,

We submit this letter in response to the Government's letter dated June 14, 2012, in which the government asks Your Honor to determine the amount of money to be forfeited from Mr. Espada as part of his sentence.

The government's request for forfeiture should be denied for three reasons. First, the procedure requested by the government is constitutionally impermissible pursuant to *United States v. Apprendi* and *Southern Union Co. v. United States*, 132 S.Ct. 2344 (2012.) Second, the Government waived its right to a forfeiture judgment against Mr. Espada by insisting, over the defendant's objection, that the forfeiture issue should not be submitted to the jury. Third, even if the Court were permitted to impose a forfeiture judgment against Mr. Espada, first the Court is required to make a factual finding as to the amount the jury found was stolen by Mr. Espada.

### Factual Background

The indictment in this case provided notice to the defendant that upon conviction, the government would seek forfeiture of "any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of any such offense." Indictment, ¶51. During the charge conference the Court and the Government agreed that if there was a verdict in favor of the government, then the jury would consider the forfeiture issue. The following exchange took place at page 6091 of the transcript:

> THE COURT: We have this little forfeiture thing kicking around. We haven't even discussed that. So, Ms. Pokorny, I don't know whether that's

{00105099.DOC;1}

Case 1:10-cr-00985-FB   Document 191   Filed 07/09/12   Page 2 of 8 PageID #: 2586

HAFETZ NECHELES & ROCCO

> still to be flushed out or not.
> MS. POKORNY: Yes. What they would have to stay after the verdict.
> THE COURT: That's right. That's what we normally do. We'll have some time to talk about it. I haven't focused on it at all.
> MS. POKORNY: Right.
> THE COURT: I haven't even looked at it.
> MS. POKORNY: The nice thing is my forfeiture section does all the work on my end so we can give you an instruction, a proposed instruction.
> THE COURT: I just want to know whether the Government wishes to pursue that in the event there is a guilty verdict.
> MS. POKORNY: Yes.

Thus, the clear understanding prior to the guilty verdict was that if there was a guilty verdict, then the jury would be instructed on forfeiture. Defense counsel did not object to this understanding. Indeed, there would have been no basis for an objection since the Federal Rules provide that if "*either* party requests the jury be detained to determine the forfeitability of specific property if it returns a guilty verdict" then "the government *must* submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." Fed. R. Crim. P. 32.2 (b)(5)(A) and (B). In other words, if one party wishes for the matter to be submitted to the jury, then it *must* be submitted to the jury. Thus, once the government stated that it would seek to have the jury determine forfeiture if there was a guilty verdict the defense's position was irrelevant, as can be seen by the Court's failure to even inquire as to what defense counsel wanted to do.

After the jury reached a partial verdict, the government changed its mind and decided that it did *not* want the jury to decide what property, if any, was forfeitable from the defendants. Thus, the following exchange took place:

> THE COURT: The government apparently does not wish to go forward with the matter before the jury, from what I understand?
> MS. POKORNY: Yes. Correct.
> THE COURT: So that means you're not going to be seeking forfeiture or are you going to try to convince me to do it?
> MS. POKORNY: I will brief it later. I understand there is a risk that Your Honor may not do it.
> THE COURT: You have to understand why I'm a little annoyed. We've been here for two weeks and the forfeiture person could not have, you know, decided to advise you in the last two weeks?

{00105099.DOC;1}

Case 1:10-cr-00985-FB   Document 191   Filed 07/09/12   Page 3 of 8 PageID #: 2587

HAFETZ NECHELES & ROCCO

MS. POKORNY: It is not their fault, it's mine. So suffice it to say that I found it impossible to turn my attention to that. But we want the jury discharged and we'll prepared to live with the results.

THE COURT: You have to understand I have to take care of everything before this jury.

MS. POKORNY: I agree.

THE COURT: And I apologize for letting my Irish show, my ancestors from a thousand years ago must have come from Dublin, I guess. All right, so now what I'm going to do is I'm going to call the jurors in once more. And I have a request from the press that, I guess they would like to talk to the jurors.  I'm going to leave it up to the jurors. I'm going to go talk to them. And if they all wish to leave the courtroom without talking to the press, that's their choice. And if that's the case, I'll have the marshals escort them out. On the other hand, any of them wish to talk to the press, we'll accommodate that as well. And Mr. Innelli will arrange, maybe, for the press to be in a separate room, I guess.

THE CLERK: I'll work something out.

MS. POKORNY: Do we even need to bring the jury into the courtroom again? I don't think we need to.

THE COURT: Probably not. I can just go talk to them. But we want to strike a balance between obviously the public's interest in this case. So I'll give them the choice, and that also includes the choice if they want to walk outside, be on television or whatever. What else need I say?

MS. POKORNY: Nothing.

THE COURT: I think that's about it.

MS. NECHELES: We --

THE COURT: Yes, Ms. Necheles.

MS. NECHELES: We would note our objection to -- to the forfeiture not being decided by the jury and ask that if the government is withdrawing it, that it be deemed a -- no forfeiture verdict, or a verdict of no forfeiture.

THE COURT: And your position? But I guess the government wants an opportunity to prevail upon me that it is my call. I'm certainly not going to foreclose them from  having the right to try to make that argument.

(Transcript, 6526 - 9).

{00105099.DOC;1}

HAFETZ NECHELES & ROCCO

### The Supreme Court's Decision in *Southern Union Co. v. USA,* Applies to All Sentences, Including Forfeiture

The Supreme Court held in *Southern Union Co. v. USA,* that *Apprendi* applies to any fact that increases the maximum punishment for a crime, and any such fact must be proved to a jury beyond a reasonable doubt:

> "*Apprendi's* 'core concern' is to reserve to the jury 'the determination of facts that warrant punishment for a specific statutory offense,'" ... [and when the maximum sentence is calculated by reference to particular facts, such as] the amount of the defendant's gain or the victim's loss, ... [then] requiring juries to find beyond a reasonable doubt facts that determine the fine's maximum amount is necessary to implement *Apprendi's* 'animating principle': the 'preservation of the jury's historic role as a bulwark between the State and the accused at the trial for an alleged offense.' *Ice,* 555 U. S., at 168." In stating *Apprendi's* rule, we have never distinguished one form of punishment from another. Instead, our decisions broadly prohibit judicial fact finding that increases maximum criminal "sentence[s]," "penalties," or "punishment[s]"—terms that each undeniably embrace fines. *E.g., Blakely,* 542 U. S., at 304; *Apprendi,* 530 U. S., at 490; *Ring,* 536 U. S., at 589.

*Southern Union Co. v. United States,* 132 S.Ct. 2347.

As the government concedes, criminal forfeiture is "part of the defendant's sentencing process." (Government's June 14, 2012 letter). This is clearly the law. As the Second Circuit remarked in *United States v. Fruchter,* 411 F.3d 377, 382 (2d Cir. 2005), "forfeiture is undoubtedly punishment." *See, United States v. Libretti,* 516 U.S. at 41 ("forfeiture is precisely that: punishment").

In *Fruchter,* the Second Circuit held that although *Booker, Blakely* and *Apprendi* "hold broadly that any fact that increases the punishment imposed on a defendant must be found by a jury beyond a reasonable doubt,", these decisions do not apply to forfeiture. The Second Circuit reasoned that *Blakely and Booker* addressed *only* "determinate sentencing regimes" in which the defendant's conviction "authorizes the imposition within a certain range, established either by statute or administrative guideline." Because forfeiture is not a determinate sentencing regime, the Second Circuit held that factual findings concerning forfeiture could be made by the sentencing court without violating the Sixth Amendment. The Second Circuit explained:

> In a determinate sentencing regime, a jury finds facts that support a conviction. That conviction, in turn, authorizes the imposition of a sentence within a specified range,

{00105099.DOC;1}

Case 1:10-cr-00985-FB   Document 191   Filed 07/09/12   Page 5 of 8 PageID #: 2589

HAFETZ NECHELES & ROCCO

established either by statute or administrative guideline, which we call a determinate sentence. Under *Booker*, a Sixth Amendment violation occurs when a judge increases the punishment beyond that range based upon facts not found by a jury beyond a reasonable doubt.

Criminal forfeiture, by contrast, is *not a* determinate scheme. ... As the Seventh Circuit recently pointed out, criminal forfeiture is not subject to any statutory maximum:

> We have previously held that *Apprendi* has no effect on criminal forfeiture prceedings because forfeiture provisions have no statutory maximum. *Aprendi's* statutory maximum was supplied by the statute of conviction; *Blakely's* is external; the statutory maximum is found not in the criminal code but instead the sentencing guidelines. The criminal forfeiture provisions do not include a statutory maximum; they are open-ended in that *all* property representing proceeds of illegal activity is subject to forfeiture.

*United States v. Messino*, 382 F.3d 704, 713 (7th Cir. 2004). In other words, *Blakely* and *Booker* prohibit a judicial increase in punishment beyond a previously specified range; in criminal forfeiture there is no such previously specified range. A judge cannot exceed his constitutional authority by imposing a punishment beyond the statutory maximum if there is no statutory maximum. Criminal forfeiture is, simply put, a different animal from determinate sentencing.

411 F.3d at 383.

The Supreme Court's recent decision in *Southern Union Co.,* makes clear that the Second Circuit's reasoning in *Fruchter* was incorrect. *Apprendi* and its progeny are *not* limited to sentencing structures that have a statutory maximum. In *Southern Union* the Supreme Court held that *Apprendi* applies to sentencing schemes that require judges to determine facts that dictate the amount of criminal fine to be imposed upon a defendant. And the Court made clear that this holding was not limited to fines, stating "we have never distinguished one form of punishment from another. Instead, our decisions broadly prohibit judicial factfinding that increases maximum criminal 'sentences,' 'penalties,' or 'punishments,' terms that each undeniably embrace fines." 132 S.Ct. 2351.

Thus, the Supreme Court was clear in *Southern Union Co.* - *any* criminal sentence that can be increased depending on the facts must be based on a finding by the jury of the facts in question. Criminal forfeiture is a sentence and the maximum criminal forfeiture sentence that can be imposed is dependant on a factual finding of the dollar amount of harm caused by the defendant. Criminal forfeiture thus falls squarely within the holding of *Southern Union Co.* No forfeiture verdict can be imposed if there is no finding by a jury.

{00105099.DOC;1}

Case 1:10-cr-00985-FB Document 191 Filed 07/09/12 Page 6 of 8 PageID #: 2590

HAFETZ NECHELES & ROCCO

Accordingly, no forfeiture judgment can be imposed here.

## The Government Waived Its Right To Obtain Forfeiture

Even if *Southern Union Co.* does not apply to forfeiture, no forfeiture is permissible in this case because the government waived its right to obtain forfeiture.

As set forth above, prior to trial the government stated it would seek a jury verdict on forfeiture if there was a guilty verdict and the Court agreed upon that procedure. However, after the jury's verdict, the government, over the defendant's objection, refused to submit this issue to the jury.

The government now argues that there is no right to a jury verdict on the amount of a forfeiture money judgment.

The government cites three cases. We submit that the government misreads one of these cases and the other two were improperly decided.

First, in *United States v. Bourne,* 2012 WL 526721 at *1 (EDNY 2012) (Garafus, J.), Judge Garafus specifically noted that "no party has sought a jury determination as to forfeiture." *Id.,* *1. Therefore, this case is irrelevant.

The next two cases, *United States v. Roberts,* 631 F.Supp.2d 223, 225 (E.D.N.Y. 2009) and *United States v. Galestro,* 2008 WL 2783360 AT *11 (2008), both rely upon *U.S. v. Tedder* 403 F.3d 836 (7th Cir. 2005), for the proposition that forfeiture can be decided by the Court, rather than the jury, if the government does not seek to forfeit specific property, but instead seeks a money judgment. We submit that this interpretation of Rule 32.2 ignores the plain language of the rule. The rule clearly sets out two procedures - one for a guilty plea/judge trial, and the second for a jury trial. Only in the case of a guilty plea/judge trial can the court determine forfeiture. Where there is a jury trial the defendant is entitled to a decision by the jury.

Moreover, *Roberts* and *Galestro* misread *Tedder.* In *Tedder* the jury actually decided the forfeiture but the sentencing court reduced the amount to be forfeited. The Seventh Circuit held that this was permissible, stating "although Fed.R.Crim.P. 32.2 offers the defendant a jury trial, this provision (unlike the sixth amendment) is limited to the nexus between the funds and the crime; Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture." 403 F.3d at 841. Thus, according to the Seventh Circuit, Rule 32.2 requires a jury decision as to whether forfeiture is permissible but the Court can then determine the *amount* of money to be forfeited.

{00105099.DOC;1}

Case 1:10-cr-00985-FB  Document 191  Filed 07/09/12  Page 7 of 8 PageID #: 2591

HAFETZ NECHELES & ROCCO

Here, there was no jury finding that the government proved a nexus between any funds to be forfeited and the crime committed. Therefore, there can be no forfeiture.

Importantly, the reason there was no jury finding on forfeiture in the instant case was because the government refused to submit the issue to the jury. As the government's June 14, 2012 letter points out, Rule 32.2 requires the parties to make a choice *prior to the jury's verdict on guilt or innocence* as to whether or not they wish forfeiture to be submitted to the jury. The rationale for this choice, the government writes, is "that a party should not be permitted to wait until after a verdict is reached to decide, based on the nature of deliberations or the verdict returned, whether that same jury may return a more favorable determination as to forfeiture than the court." (Govt. letter dated 6/14/12, p.2).

Here, the government here engaged in precisely the behavior it now purports to condemn. The transcript clearly shows that *prior* to the jury verdict the government stated that it wanted the jury to decide the issue of forfeiture. However, *after* the jury failed to reach a verdict on half of the counts in the indictment the government apparently became worried that the jury would only order forfeiture as to a small amount of money, if any. The government then changed its mind and asked that forfeiture be decided by the Court, rather than the jury.

As the government states in its letter, the government's behavior appears to be gamesmanship and is exactly what Rule 32.2 prohibits.[1]

Thus, the government had the ability to obtain a jury determination on whether the government proved a nexus between the funds it seeks to forfeit and the crimes for which Mr. Espada was convicted. The government waived its opportunity to do so. It cannot, therefore, now obtain a forfeiture judgment as part of sentencing.

---

[1] The defense, on the other hand, never waived its right to a jury verdict on forfeiture. Prior to the verdict the defense did not object to the statements by the government and the Court that if there was a verdict on forfeiture the jury would be required to reach a verdict on forfeiture. Thus, the defendants by their silence consented to the government's request, and the Court's ruling, that any forfeiture decision would be made by the jury. After the jury's verdict the defense objected to the decision not to submit the forfeiture issue to the jury. Tr. 6526-9.

Case 1:10-cr-00985-FB   Document 191   Filed 07/09/12   Page 8 of 8 PageID #: 2592

HAFETZ NECHELES & ROCCO

## The government has not made any showing as to the amount of forfeiture

Finally, Espada objects to the amount that the government seeks to forfeit.  Rule 32.2(b)(1)(B) states that "If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty."  Accordingly, Espada asks for a hearing as to what he was found guilty on, and what property the government can accordingly forfeit.

## No Order Of Restitution Can Be Imposed Against Espada

For the same reasons as explained above, the sentence against Mr. Espada cannot contain a restitution order.  Restitution, like forfeiture, is a sentenced as to which there is no maximum sentence provided by statute, and is dependant on a factual finding.  Thus, under *Apprendi* and *Southern Union Co.,* no restitution order may be imposed without a factual finding by the jury.  Here, as set forth above, the government waived that factual finding and therefore waived the right to have a restitution order imposed against Mr. Espada in this case.

Respectfully submitted,

___/s_____

Susan R. Necheles

{00105099.DOC;1}