

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLR:LDM/TYH:CSK
F# 2010R00420

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

August 10, 2012

**By ECF and Courtesy Copy**

Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  United States v. Pedro Espada, Jr.
    10-CR-0985 (S-2)(FB)

Dear Judge Block:

   The government respectfully submits this letter in response to defendant Pedro Espada, Jr.'s July 9, 2012 objections to the government's post-trial forfeiture motion seeking entry of a forfeiture money judgment against him.

   For the reasons set forth below, defendant's arguments are at best misplaced, and at worse, a feeble effort to avoid financial accountability for the multiple charges of theft, embezzlement and misappropriation of federal funds during the years 2005 through 2008 for which a jury found him guilty on May 15, 2012.  Accordingly, defendant's arguments should be rejected and this Court should find the defendant liable to pay the now modified requested $368,088.00 forfeiture money judgment amount.[1]

---

  [1] The Government's letter motion dated June 14, 2012, sought a forfeiture money judgment in the amount of $448,000. (Dkt. # 190).  As set forth in further detail at Point III. *infra*, the Government respectfully submits that based on the evidence presented during the trial, the jury's verdicts, and the legal rulings previously made by this Court, the correct forfeiture money judgment amount to be entered against the defendant should be $368,088.

I.   There is No Constitutional Right to a Jury
     Determination for Criminal Forfeiture

          In support of his position that a jury, and not the
sentencing court, must determine the forfeiture money judgment
amount the government seeks against him, defendant relies on a
recent Supreme Court decision, Southern Union Co. v. United
States, ____ U.S. ____, 132 S. Ct. 2344 (June 21, 2012).   In
Southern Union, the Supreme Court held that the scope of the
Sixth Amendment right to a jury trial as construed in Apprendi v.
New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) applies to
criminal fines.[2]   However, this recent Supreme Court decision
does not address criminal forfeiture and should not be
interpreted or extended to overturn well-established Supreme
Court and Second Circuit case law that directly discuss criminal
forfeiture.

          In Southern Union, the defendant, a corporation, was
convicted of violating the Resource Conservation and Recovery Act
(RCRA), 42 U.S.C. § 6928(d), relating to its improper storage of
mercury.   The defendant corporation was fined and appealed
arguing that under Apprendi, facts that allowed the district
court to assess a fine in excess of the statutory maximum had to
be established beyond a reasonable doubt and by a jury.   The RCRA
sets the maximum fine at $50,000 for each day of the violation.
The defendant argued that because the jury could have based the
conviction on a finding that the defendant had violated the
statute for only one day, the maximum fine that could be based on
the jury's verdict, without additional fact-finding, was $50,000.
Defendant argued that imposing any greater fine required a
finding of more facts, for example, that the violation lasted for
more than one day, and because that finding would raise the
maximum fine, it would have to be made by the jury, beyond a
reasonable doubt.   The Supreme Court found that the jury's
verdict did not, by itself, support a fine of any more than
$50,000.   The Court concluded that any factual finding that
increases the maximum criminal fine beyond what a jury's verdict
would allow, must be made by the jury and must be established
beyond a reasonable doubt.   Therefore, the defendant corporation
was entitled to have the jury determine the number of days it was
in violation of the environmental statute.

_____

          [2] In Apprendi, the Supreme Court held that the Sixth
Amendment reserves to juries the determination of any facts,
other than the fact of a prior conviction, that increases a
criminal defendant's maximum potential sentence.

Defendant's reliance on this recent Supreme Court decision is wholly misplaced.  Indeed, if this court were to adopt the position the defendant now advocates, the entire federal sentencing landscape and all sentencing determinations by a federal district court would, in essence, be turned on their head and need to be submitted to a jury.  Such a position is untenable.

First, nowhere in the Supreme Court's <u>Southern Union</u> decision is there any discussion of criminal forfeiture.  Indeed, almost all the statutes and case law citations in the decision relate only to criminal fines and the seriousness of such punishment.

Moreover, similar to the tactic defendant now attempts to employ, the argument that <u>Apprendi</u> applies to criminal forfeiture was made by others immediately after <u>Apprendi</u> itself was decided and again after <u>Apprendi</u> was extended to apply to the sentencing guidelines in <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005).  However courts, including the Second Circuit, have uniformly rejected the argument for several reasons.  Most important, nothing in <u>Apprendi</u> or <u>Booker</u> even suggested that the Court intended to revisit its express holding in <u>Libretti v. United States</u>, 516 U.S. 29, 49, 116 S. Ct. 356, 367-68 (1995) that there is <u>no Sixth Amendment right</u> to have the jury determine forfeiture (emphasis added).  <u>Id.</u> at 49 ("Our cases have made abundantly clear that a defendant does not enjoy a constitutional right to jury determination as to the appropriate sentence to be imposed.").

Any attempt by the defendant to claim a Sixth Amendment right to a jury verdict on forfeitability is devoid of legal merit.  <u>See</u>, <u>United States v. Capoccia</u>, 503 F.3d 103, 116 at n. 18 (2d Cir. 2007)(Sotomayor, J.)(acknowledging the holding in <u>Libretti</u> that there is no Sixth Amendment jury trial right to a forfeiture determination post-<u>Apprendi</u> and <u>Booker</u>); <u>United States v. Roberts</u>, 660 F.3d 149, 166 (2d Cir. 2011) (relying on <u>Libretti</u> and expressly finding that "district courts are not required to conduct an "investigative audit" when making a forfeiture calculation); <u>United States v. Fruchter</u>, 411 F.3d 377, 382 (2d Cir. 2005)(finding that <u>Libretti</u> remains the law until the Supreme Court expressly overturns it and holding that criminal forfeiture is not a determinate system); <u>United States v. Bellomo</u>, 176 F.3d 508, 595 (2d Cir. 1999)(relying on <u>Libretti</u> and holding that criminal forfeiture is part of the process of criminal sentencing); <u>United States v. Dolney</u>, 2005 WL 1076269 at * 11 (E.D.N.Y. 2005)(Garaufis, J.)("for purposes of forfeiture's relationship to the Sixth Amendment, the only essential fact that

must be found by the jury is the defendant's guilt."). See also, United States v. Ortiz-Cintron, 461 F.3d 78, 82 (1st Cir. 2006)(until and unless Libretti is overturned, a court is constrained to hold that the Sixth Amendment does not apply to criminal forfeiture); United States v. Leahy, 438 F.3d 328, 331-32 (3rd Cir. 2006)(en banc)(Libretti holds the Sixth Amendment does not apply to criminal forfeiture and remains good law); United States v. Mertens, 166 Fed. Appx. 955, 958 (9th Cir. 2006)(same; lower courts are bound to follow the decisions of the Supreme Court even if the rationale has been undermined by another line of cases). Therefore, any attempt by defendant to now argue that the Supreme Court's recent decision in Southern Union should be read to mandate a constitutional right to a jury determination regarding all sentencing issues, including forfeiture, should be rejected.[3]

A. Criminal Forfeiture Is A Mandatory Aspect of a Convicted Defendant's Sentence and In Contrast to a Criminal Fine Is Not a Determinate Scheme

Notwithstanding defendant's arguments, criminal forfeiture is and remains a mandatory aspect of a convicted defendant's sentence. See United States v. Monsanto, 491 U.S. 600, 607 (1989)("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied..."); United States v. Martin, 662 F.3d 301, 309 (4th Cir. 2011)("Criminal forfeiture is part of defendant's sentencing;" it's purpose is to deprive criminals of the fruits of their illegal acts and deter future crimes); Capoccia, 503 F.3d at 109(quoting Fed. R. Crim. P. 32.2(b)(1)). See also, 18 U.S.C. § 3554 (statute mandating order of forfeiture).

Moreover, in striking contrast to a determinate sentencing system in which the jury's verdict mandates a sentence within a specific range, criminal forfeiture is not a determinate

_____

[3] Relying on this same faulty rationale, defendant also argues that no restitution order to compensate any potential victims of his crimes can be imposed upon him in this case without a jury determination. (Defendant's 7/9/2012 Letter at p. 8). Such a position is not only spurious in light of the jury's guilty verdicts that the defendant embezzled hundreds of thousands of dollars over the course of several years from a Federally Funded program, but undercuts and defies the discretion of a sentencing court's authority to impose punishment beyond just imprisonment for federal crimes. See 18 U.S.C. §§ 3551, et. seq.

system.  United States v. Fruchter, 411 F.3d 377, 383 (2d Cir. 2005)("Criminal forfeiture, by contrast [to a determinate sentencing within a specific guideline range] is *not* a determinate scheme").  Notably, while the criminal fine portion of the statute at issue in Southern Union, was expressly prescribed, here the applicable criminal forfeiture statutes do not prescribe any specific maximum forfeiture amount.  Compare 18 U.S.C. § 6928(d)(imposing a fine of not more than $50,000 for each day of violation), with, 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c)(requiring forfeiture of "any property real or personal which constitutes or is derived from proceeds traceable to a violation of any offense constituting 'specified unlawful activity' as defined in section 1956(c)(7)[4]...")(emphasis added). Accordingly, because criminal forfeiture is and remains a non-determinate scheme, the holding of Southern Union should not be extended to apply to any forfeiture determination by a sentencing court.  Indeed, the Southern Union court specifically acknowledged the scope of the discretion of sentencing courts when it expressly stated "Nor, *a fortiori*, could there be an Apprendi violation where no maximum is prescribed."  Southern Union, 132 S.Ct. at 2353.

        B.    The Burden of Proof in Criminal Forfeiture
              Proceedings Remains the Same

        Southern Union does not discuss, nor does defendant appear to challenge, the well-established burden of proof for forfeiture determinations.  However, if the reasoning in Southern Union is applied to forfeiture proceedings as defendant now as a matter of first impression advocates, Southern Union may also be read to call into question this extensive body of legal precedence within the Second Circuit and elsewhere.  Based on the extensive and existing case law as set forth below, any attempt to impose new standards to federal criminal forfeiture proceedings after the conclusion of the substantive guilt phase of trial are wholly unwarranted.

        In contrast to the guilt phase of the criminal trial, the government bears the burden of establishing the amount of monies subject to forfeiture only by a preponderance of the evidence.  See e.g. Roberts, 660 F.3d at 265 (government's burden

---

        [4] Each of the criminal charges upon which the defendant was convicted, multiple violations of 18 U.S.C. § 666 (relating to theft or bribery concerning programs receiving Federal funds), are one of the specified unlawful activities listed in 18 U.S.C. § 1956(c)(7)(D).

of proof with respect to forfeiture is preponderance of the evidence)(citations within omitted); Capoccia, 503 F.3d at 116 ("Sentencing courts determine forfeiture amounts by a preponderance of the evidence."); United States v. Bellomo, 176 F.3d 580, 595 (2d Cir. 1999) (upholding trial court's application of preponderance standard on grounds that criminal forfeiture is part of sentencing).

The government is not required to provide a precise calculation of the monies subject to forfeiture. United States v. Treacy, 639 F.3d 32, 48 (2d Cir. 2011)("The calculation of forfeiture amounts is not an exact science."). See also United States v. Basciano, Dkt. No. 03-CR-929, 2007 WL 29439, at *2 (E.D.N.Y. Jan. 4, 2007) (Garaufis, J.).  Instead, the forfeiture amount can be conservatively estimated, but such estimates may not be based upon evidence that is overly speculative. Id. Sentencing courts may consider trial evidence, hearsay, as well as evidence or information submitted by the parties and accepted by the court as relevant and reliable, in determining forfeiture. Capoccia, 503 F.3d at 109-110 (citing United States v. Gaskin, 364 F.3d 438, 462-63 (2d Cir. 2004)); Fed. R. Crim. P. 32.2(b)(1)(A) and (B).  After determining the amount of proceeds subject to forfeiture, pursuant to Rule 32.2(b)(2)(A), the Court must promptly enter an order of forfeiture forfeiting this amount. United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002) (vacating order of forfeiture not entered by district court until six months after sentencing).  Here, this is precisely what the government has respectfully requested the court to do. Moreover, the government respectfully submits, it has fully met its burden. See also discussion infra at Point III.

II.   There is No Legal Right to a Jury Determination
      of a Forfeiture Money Judgment Amount

Defendant next argues that the government is now precluded from seeking a forfeiture money judgment against him because forfeiture was not presented to the jury.  This argument ignores the plain language of Rule 32.2 and is inapposite to the relevant provisions in Rule 32.2 of the Federal Rules Criminal Procedure governing criminal forfeiture.  Specifically, a more faithful and copious reading of Rule 32.2(b)(5)(A) indicates that only if the government seeks forfeiture of specific property or assets, in contrast to a money judgment amount, is there any right to a jury determination.  Moreover, only if the court determines before the jury begins deliberating that either party has specifically requests that the jury be retained to make such a determination of forfeitability of specific assets is a jury decision warranted. See Rule 32.2(b)(5)(A).

Defendant argues that the rule should be read to establish two different procedures for forfeiture one "for a guilty plea/judge trial" and one for a "jury trial." (Defendant's 7/9/2012 Letter at p. 6). This interpretation is non-sensical and completely undermines the very rationale for why the rule was amended in 2009, which was to avoid an inadvertent waiver of the right to a jury determination, while also providing timely notice to the court and the jurors themselves if they will be asked to make a forfeiture determination. See Fed. R. Crim. P. 32.2, Advisory Committee Notes, 2009 Amendments, Subdivision (b)(5)(A). In short, here, because the government seeks only a forfeiture money judgment from the defendant, a jury determination was neither necessary nor warranted by law. Indeed, the majority of courts, including those within this Circuit, that have had an opportunity to address this specific issue have consistently held that Rule 32.2(b)(5) does not give either party the right to have the jury determine the amount of a forfeiture money judgment. See, United States v. Tedder, 403 F.3d 836, 841 (7th Cir.)("Rule 32.2 does not entitle the accused to a jury determination on the amount of the forfeiture."), cert denied, 546 U.S. 1075, 126 S. Ct. 827 (2005); United States v. Gregoire, 638 F.3d 962, 972 (8th Cir. 2011)(where government disclaims any intent to seek forfeiture of specific property, there is no issue for the jury); United States v. Bourne, 2012 WL 526721 at * 1 (E.D.N.Y. Feb. 15, 20120)(Garaufis, J.); United States v. Galestro, 2008 WL 2783360 at * 11 (E.D.N.Y. 2008)(Ross, J.); United States v. Roberts, 631 F. Supp. 2nd 223 (E.D.N.Y. 2009)(Irizarry, J.); United States v. Warshak, 2008 WL 2705044 at * 5 (S.D. Ohio 2008); United States v. Delgado, 2006 WL 2460656, at * 1 (M.D. Fla. 2006); United States v. Reiner, 393 F. Supp. 2d 52, 54-57 (D. Me. 2005).

Contrary to defendant's position, it is not the federal courts that have misread the Federal Rules on this issue of whether a defendant is entitled to a jury where the government only seeks a forfeiture money judgment. Rather, it is the defendant who now disingenuously argues that the government should somehow be foreclosed from seeking forfeiture against him after having been convicted. See e.g. Tedder, 403 F.3d at 841 (expressly rejecting defendant's insistence that he was deprived of a his right to a jury determination of forfeiture). Accordingly, any attempt by the defendant to now circumvent or distinguish the letter and spirit of the federal rules and these court decisions in an *ad hoc*, self-serving manner is without legal merit and should be rejected by this court.

III.    **The Evidence Submitted At Trial Clearly Demonstrates a Factual Basis For the Forfeiture Money Judgment Amount Sought Against the Defendant**

Lest there be any doubt, this court's determination of the amount the defendant must forfeit may be based on evidence already in the record, or any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  See Fed. R. Crim. P. Rule 32.2 (b)(1)(B); Roberts, 660 F.3d at 166 (holding that "district courts may 'use general points of reference as a starting point' for a forfeiture calculation and 'make reasonable extrapolations' supported by a preponderance of the evidence."); Treacy, 639 F.3d at 47-48 (stating that district courts forfeiture calculations may be based on "reasonable estimate" in light of "available information.") See also, United States v. Awad, 598 F.3d 76 (2d Cir. 2010)(holding that a forfeiture money judgment can be imposed on a defendant who possesses no assets at the time of sentencing).

Here, the summary chart admitted during the substantive trial without objection, as Government Trial Exhibit 20(a), specifically quantifies the monies stolen by the defendant from the Soundview Healthcare Network. (A copy of Government Exhibit 20(a) along with the relevant pages from the trial transcript testimony by FBI Special Agent Mark Person on April 20, 2012, Tr. 4980-4988 are attached hereto as Exhibit A).

More specifically, the $368,088 forfeiture money judgment the defendant should be directed to pay as a result of his multiple crimes of conviction during the four year period of 2005 through and including 2008 has been calculated based on Gvt. Exhibit 20(a), the jury verdicts, and

the court's prior rulings as follows:

```
Total from Gvt. Exhibit 20(a)        $618,669
        Less CEDC monies[5]           170,448
        Less Year 2009 monies[6]       79,585
        Less PGE Double Dip[7]            988
        Plus CEDC 2009 monies            440
        which should not be
        deducted twice
                                   _____

Total Forfeiture Money Judgment:     $368,088
```

### IV.   Conclusion

For the reasons set forth herein as well in the government's moving papers and all prior proceedings, it is respectfully requests that the defendant's arguments in opposition be rejected and that an order of forfeiture holding the defendant liable to pay the amount of $368,088 be entered against him as part of this court's sentence.  A revised Proposed Order of Forfeiture is enclosed.

Respectfully submitted,

LORETTA E. LYNCH
UNITED STATES ATTORNEY

By:   _____/s/_____
      Claire S. Kedeshian
      Assistant U.S. Attorney
      (718) 254-6051

cc:  All counsel of record (via ECF)

---

[5] "CEDC" stands for Community Expansive Development Corp. A copy of the transcript where the Court ruled that the CEDC scheme was part of the conspiracy theft charges, but not the substantive theft charges is attached hereto as Exhibit B. (April 25, 2012 Tr. 5588-5605)

[6] The jury was unable to render verdicts on the criminal charges for the year 2009.

[7] "PGE Double Dip" was attributable to co-defendant Pedro G. Espada, against whom the jury was unable to render verdicts.