

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

September 18, 2012

The Honorable William H. Pauley
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:  United States v. Espada et al.
          Cr. No. 12-235 (WHP)

Dear Judge Pauley:

    Please find attached a letter the government submitted today to the Honorable Frederic Block, United States District Judge for the Eastern District of New York, alerting him to facts that the government recently discovered concerning the defendants' finances and requesting that Judge Block revoke the defendant Pedro Espada, Jr.'s ("Espada") bond and remand him into custody for violating a condition of his release imposed in the Eastern District of New York.  Because the attached letter includes facts that raise questions as to whether both defendants honestly disclosed their finances to the Pretrial Services Office ("Pretrial") and Your Honor with respect to the above-captioned matter, the government thought it appropriate to bring such facts to the Court's attention.

    Specifically, the attached letter notes that the government has obtained bank records showing that on June 29, 2012, Soundview Healthcare Network ("Soundview") issued substantial checks to the defendants.  These and other checks are discussed below.

    i.   <u>$104,000 Check to Soundview Management Enterprises</u>

    By way of background, Soundview Management Enterprises ("SME") was Espada's janitorial company that Soundview paid to clean its facilities from 2008 to 2010.

    On June 29, 2012, Soundview issued a $104,000 check to SME.  In the days that followed, Espada and his wife took several steps to convert the check to cash. First, on July 5, 2012, Espada withdrew $50,000 in cash from SME's account.  Second, on the same day, Espada used $45,000 from SME's account to purchase a cashier's check made out to his wife, Connie Espada.  Third,

the next day, Espada's wife deposited the $45,000 cashier's check into her own bank account and withdrew the same amount in cash.

Three days later, on July 9, 2012, Espada's CJA-appointed counsel stated, during a status conference before Your Honor, that, according to Espada, he was unable to find an attorney whose fee he could afford. At the same court appearance, Your Honor directed Espada to disclose his finances to Pretrial.

According to the Pretrial Services Report, Espada reported that SME was defunct and had only a few thousand dollars in its account. From this, it would appear that Espada did not disclose that, days earlier, SME had $104,000 in its account. It also appears that Espada neglected to disclose to Pretrial that he and his wife had converted the $104,000 to cash — again, because that fact is not mentioned in the Pretrial Services Report.

### ii. $40,000 Check to Pedro Espada, Jr.

On June 29, 2012 — the same day Soundview issued the $104,000 check to SME — Soundview issued a $40,000 check to Espada, which he deposited into his personal bank account. During the next several days, Espada spent approximately $28,000 from that account leaving a balance of approximately $12,000 on July 12, 2012. It appears that Espada did not disclose to Pretrial his receipt of this check several days earlier or the bank account in which $12,000 still remained.

### iii. $42,045 Check to Pedro Gautier Espada

On June 29, 2012, Soundview issued a $42,045 check to the defendant Pedro Gautier Espada ("Gautier Espada"). However, Gautier Espada did not negotiate the check until nearly three weeks later, on July 18, 2012. In the interim, on July 9, 2012, Gautier Espada swore before Your Honor to the truth of a financial affidavit made in furtherance of a request for court-appointed counsel. The government does not know whether Gautier Espada disclosed this $42,045 check in his affidavit in support of his request for court-appointed counsel, since it has not seen the affidavit.

      iv. <u>$98,000 Check to Espada's Wife from the Placer Title Company</u>

The government has received bank records showing that on July 17, 2012, Connie Espada received a check for $98,708 that was issued by Placer Title Company on July 13, 2012. This check represented the proceeds of the refinancing of Espada's home in Mamaroneck, New York. That home currently secures his bond. We bring this to the Court's attention because it appears that Espada did not reveal to Pretrial on July 9, 2012 that he was in the process of refinancing his home, despite the fact that he reported the mortgage balance of that property.

* * *

As the Court is aware, the government is not privy to the defendant Pedro Gautier Espada's financial disclosures in connection with his request for court-appointed counsel. And while the government has seen the contents of Espada's Pretrial Services Report, which appears to contain the material omissions detailed above, without interviewing the Pretrial officer who drafted the report and interviewed Espada, the government is not in a position to definitively state whether either defendant has lied to the Court or Pretrial.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

  By:    /s/
      Carolyn Pokorny
      Roger Burlingame
      Todd Kaminsky
      Special Assistant U.S. Attorneys

cc: Defense counsel (by ECF)