UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-                            **MEMORANDUM AND ORDER**
                                                 10-CR-00985-1 (FB)

PEDRO ESPADA, JR.,

               Defendant.
------------------------------------------------------x

*Appearances:*
*For the United States:*
LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By:   CLAIRE S. KEDESHIAN, ESQ.
       BRIAN MORRIS, ESQ.
       Assistant United States Attorneys

**BLOCK, Senior District Judge:**

On August 6, 2014, Connie Espada ("Mrs. Espada") filed a third-party petition pursuant to 21 U.S.C. § 853(n) in the above-captioned criminal case. In the petition, Mrs. Espada argues that she has an interest in the New York State pension account of her husband Pedro Espada, Jr. ("Mr. Espada") – which is subject to a preliminary order of forfeiture as a substitute asset of Mr. Espada – because she is listed as a beneficiary under the pension plan. The government has moved to dismiss her petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A) on the grounds that (1) she has no

legal interest in Mr. Espada's pension benefits and therefore lacks standing to bring the petition, and (2) even if she has a legal interest, she has failed to state a claim under 21 U.S.C. § 853(n)(6).

It is unclear whether the government intends to seek forfeiture of any *future* payments owed to Mrs. Espada as the beneficiary under Mr. Espada's pension plan or whether the government asserts an interest only in Mr. Espada's *current* monthly payments. In its motion papers, the government appears at times to concede that Mrs. Espada will receive her future pension payments upon Mr. Espada's death. *See* Government's Mem. of Law In Supp. of Mot. to Dismiss Pet. for Hr'g, Docket Entry No. 317 (Oct. 10, 2014), at 14 ("At best, Mrs. Espada has an inchoate interest in her husband's pension benefits that only comes into existence upon his death."). However, the preliminary order of forfeiture of substitute assets – which applies to "[a]ny and all pension funds, benefits, rights to disbursements, or other property held on behalf of, or distributed to [Mr. Espada] by the New York State and Local Retirement System, and all property traceable thereto" – is broadly worded and could be read to encompass her future payments as a beneficiary under the plan.

Accordingly, by March 2, 2015, the government shall notify the Court in writing whether it intends to assert an interest in Mrs. Espada's future payments under the pension plan. If it does not, then the government's motion to dismiss will be granted,

since Mrs. Espada has no legal interest in Mr. Espada's current pension payments. *See, e.g., McDermott v. McDermott*, 119 A.D.2d 370, 379, 507 N.Y.S.2d 390, 397 (2nd Dep't 1986) (noting that, under New York law, a wife has no claim to her husband's pension payments prior to a judgment of divorce).

If, however, the government *does* intend to assert an interest in Mrs. Espada's future payments, then the government's motion requires the Court to address a difficult legal question that is unresolved within this Circuit, namely: when does the government's interest in a substitute asset vest? *Compare United States v. Peterson*, 820 F. Supp. 2d 576, 585 (S.D.N.Y. 2011) (government's interest in substitute property vests at the time of indictment), *with United States v. Kramer*, No. 06-CR-200, 2006 WL 3545026, at *8 (E.D.N.Y. Dec. 8, 2006) (government's interest vests at time of conviction), *and United States v. Salvagno*, No. 502-CR-051, 2006 WL 2546477, at *19 (N.D.N.Y. Aug. 28, 2006) (government's interest vests upon entry of the order of forfeiture). In that eventuality, the Court will appoint counsel for Mrs. Espada so that the issue is adequately framed for the Court's resolution.

        **SO ORDERED.**

        /s/ Frederic Block  
        FREDERIC BLOCK  
        Senior United States District Judge

Brooklyn, New York  
February 12, 2015