UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

  -against-                             **MEMORANDUM AND ORDER**
                                           10-CR-00985-1 (FB)
PEDRO ESPADA, JR.,

               Defendant.
------------------------------------------------------x

*Appearances:*
*For the United States:*
LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By:   CLAIRE S. KEDESHIAN, ESQ.
       BRIAN MORRIS, ESQ.
       Assistant United States Attorneys

**BLOCK, Senior District Judge:**

Since the government's motion to dismiss Connie Espada's ("Mrs. Espada") third-party petition presents extrinsic evidence outside of the pleadings, the Court hereby gives notice that it intends to convert the motion into a motion for summary judgment. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) ("Ordinarily, a district court must give notice to

the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading."). Accordingly, both parties shall have until September 1 to submit any additional materials for the Court's consideration. *See* FED. R. CIV. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

For the benefit of Mrs. Espada, who is proceeding *pro se*, the Court will explain the consequences of converting a motion to dismiss into a motion for summary judgment. *See Hernandez v. Coffey*, 582 F.3d 303, 307-08 (2d Cir. 2009) ("[*P*]*ro se* parties must have unequivocal notice of the meaning and consequences of conversion to summary judgment."). If the Court were to deny the government's motion to dismiss, the proceeding would linger on the Court's docket pending a hearing. *See* 21 U.S.C. § 853(n) (explaining the procedures governing hearings in third-party forfeiture proceedings). Converting the government's motion to dismiss into a motion for summary judgment allows the Court to expeditiously resolve this proceeding. *See* FED. R. CRIM. P. 32.2, advisory committee's note to subsection (c) ("[P]rocedures akin to those available under the Federal Rules of Civil Procedure should be available to the court and the parties to aid in the efficient resolution of [third-party forfeiture proceedings]."). Following conversion, the Court may enter judgment in favor of either the government or Mrs. Espada if it determines that there is no triable issue of material

fact and that judgment as a matter of law is warranted. *See* FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); *Rodriguez v. Atria Sr. Living Grp., Inc.*, 887 F. Supp. 2d 503, 510 (S.D.N.Y. 2012) ("[I]f the court determines that there are no genuine issues of material fact, but that the law is on the side of the nonmoving party, the court may grant summary judgment in favor of the non-moving party even though it has made no formal cross-motion.") (internal quotation marks omitted).

A copy of (1) this order and (2) the Eastern District of New York *Pro Se* Office "Instructions for Opposing a Motion for Summary Judgment" will be mailed from chambers by regular mail to Mrs. Espada.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 18, 2015