UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**PEDRO ESPADA, JR.**,                                         :
                                                               :
                Petitioner,                          :
                                                               :   **MEMORANDUM DECISION AND**
     – against –                                       :   **ORDER**
                                                               :
                                                               :   10-CR-985 (AMD)
**UNITED STATES OF AMERICA**,                                  :
                                                               :
                Respondent.                          :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The petitioner was convicted after a jury trial of four counts of embezzlement; the jury was unable to reach a verdict on some of the counts. The petitioner subsequently pled guilty to one count of filing a fraudulent tax return. He was sentenced to concurrent terms of 60 months on all counts, with three years of supervised release, forfeiture and restitution. He was released from prison on October 30, 2017; his term of supervised release expired on October 29, 2020. He petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.[1] Because the petitioner waived the right to attack his conviction collaterally in the plea agreement, his petition is denied in its entirety.

---

[1] This is the petitioner's second amended § 2255 petition. Because he was in custody when he filed the original petition, he satisfies the "in custody" provision of the habeas statute. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Williams v. Schneiderman*, 409 F. Supp. 3d 77, 80 (E.D.N.Y. 2017) ("When a habeas petitioner challenges the criminal conviction itself, the Supreme Court has been willing to presume the existence of collateral consequences sufficient to satisfy the case-or-controversy requirement . . . ." (internal quotation marks omitted)).

## BACKGROUND

The petitioner is a former New York State senator and founder and CEO of the Soundview Healthcare Network, a non-profit network of health care clinics in the Bronx that received federal funds. He was charged in this district for embezzling from Soundview.

### A. Indictments, Trial and Plea Agreement

On January 17, 2012, a grand jury returned a superseding indictment, charging the petitioner with 16 counts of theft, wire fraud and related tax offenses. Prior to the trial, seven counts were dismissed on venue grounds, and another count was severed. The jury returned a partial verdict, finding the petitioner guilty on four counts of theft and fraud in violation of 18 U.S.C. § 666(a)(1)(A). (ECF No. 273.) Each count covered a separate year of the embezzlement scheme, from 2005 to 2008. (*Id.*) The jury could not reach a verdict on the other counts, and Judge Frederic Block declared a mistrial as to those counts. (*Id.*)

While the trial was ongoing in this district, a grand jury in the Southern District of New York indicted the petitioner for the seven counts previously dismissed on venue grounds and for the one severed count. *See United States v. Espada*, No. 12-CR-235 (S.D.N.Y.), ECF No. 1. The petitioner retained Daniel Hochheiser to represent him in the Southern District. On September 27, 2012, Mr. Hochheiser moved to withdraw as counsel because of a fee dispute and because the petitioner accused him of ethical violations. (*See* ECF No. 414-1.) The dispute arose from the petitioner's claim that the retainer agreement required Mr. Hochheiser "to refund part of a retainer fee if the matter was settled by a guilty plea," and that Mr. Hochheiser "failed to negotiate a plea agreement." (ECF No. 417 at 24.) The petitioner supported Mr. Hochheiser's motion to withdraw.

Judge William H. Pauley III of the Southern District denied the motion after a hearing at which Mr. Hochheiser, the prosecutor and the petitioner testified. Judge Pauley found that Mr.

Hochheiser secured a plea agreement and communicated it to the petitioner, as documented in Mr. Hochheiser's meticulous records and confirmed by the prosecutor, who testified that Mr. Hochheiser was "actively involved in plea negotiations" with the government throughout the proceedings, and that it was the defendant who "want[ed] to go to trial." (ECF No. 414-1 at 7–8, 17–18, 21.) Judge Pauley characterized the petitioner as "a difficult client" whose "complaints about his counsel [were] not credible" and whose testimony was "contradictory" and "self serving." (*Id.* at 20–21.) By contrast, "Mr. Hochheiser's demeanor during th[e] hearing indicate[d] his forthrightness," and Judge Pauley was certain that Mr. Hochheiser could "continue to professionally and zealously represent" the petitioner. (*Id.* at 21–22.)

After the jury on the case in this district returned a partial guilty verdict, the petitioner agreed to plead guilty to one count of filing a fraudulent tax return, in violation of 26 U.S.C. § 7206(1), and to pay restitution and forfeiture. (ECF No. 417-2 at 238, 245–47.) In return, the government agreed to dismiss all outstanding charges against him: the eight counts in the Southern District and the four counts that the jury did not resolve during the trial in this district. (*Id.* at 243–44.) As part of the plea agreement, the petitioner waived his right to challenge the conviction and sentence. In particular, he "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 87 months or below." (*Id.* at 242.)

The plea hearing took place on October 12, 2012. The petitioner, who was under oath, was an active participant in the hearing, and asked informed questions about the terms of the plea. (*E.g.*, ECF No. 414-2 at 28–31.) Judge Block confirmed that the petitioner understood the details of the waiver. He read the government's plea letter, in which the government stated that the petitioner "has waived his right to appeal the tax count and the four counts of stealing from

3

Soundview that he was convicted of at trial." (*Id.* at 4.) Judge Block explained that the waiver of appeal and collateral proceedings covered all of those convictions because the plea agreement covered the charges "pending in both the Southern District and what is left here in the Eastern District." (*Id.* at 9.) Judge Block also confirmed that Mr. Hochheiser discussed "the rights [the petitioner] would be waiving" with the petitioner and that the petitioner "carefully" read the plea agreement. (*Id.* at 17–18, 24.) The petitioner told Judge Block that the waiver of appeal and collateral proceedings "was the biggest part of the discussion, that lasted a long time," that he was "very clear as to that," and that he "will not be appealing those counts." (*Id.* at 39.)

The prosecutor also explained that the petitioner would "not be able to later challenge [this plea] collaterally, through a habeas corpus petition or otherwise, . . . by claiming that he was forced to plead guilty because the Honorable Judge Pauley refused to delay the trial . . . or appoint him new counsel." (*Id.* at 33.) The petitioner said that he understood these conditions. (*Id.*)

Judge Block accepted the plea, finding that the petitioner "acted voluntarily" and "fully underst[ood] his rights and the consequences of his plea." (*Id.* at 42.)

### B. Motion for a New Trial and Sentencing

Less than eight months later, the petitioner moved *pro se* for a new trial pursuant to Federal Rule of Criminal Procedure 33. (ECF No. 243.) He argued that (1) newly discovered evidence in the form of juror interviews revealed that Judge Block went into the jury room and urged the jury to reach a verdict; (2) the jury considered a Soundview lease that was not in evidence; and (3) his guilty plea was "induced" by the partial guilty verdict. (*Id.* at 12–17.)

At the sentencing on June 14, 2013, Judge Block denied the motion, citing telephone and courthouse entry records that proved he was not in the courthouse when the petitioner claimed he went into the jury room. (ECF No. 414-4 at 7–15.) He "refer[red] this entire matter to Loretta

4

Lynch, the U.S. Attorney, for her to determine . . . whether any action should be taken against the juror who submitted that palpably false affidavit." (*Id.* at 15.) Judge Block also concluded from the trial record that the jury did not consider the Soundview lease that was not in evidence. (*Id.* at 16.) Judge Block did not address the petitioner's one-sentence contention that he should be allowed to withdraw his plea.

Judge Block sentenced the petitioner to concurrent 60-months terms of imprisonment on each count and three years of supervised release. (*Id.* at 62.) He also ordered him to pay $118,531 in restitution to the Internal Revenue Services and forfeit $368,088 as property that "constitutes or is derived from proceeds traceable to the [petitioner's] violations." (ECF No. 283 at 5, 9.)

### C. Direct Appeal

The petitioner appealed his conviction, the denial of the Rule 33 motion and the restitution and forfeiture orders to the Second Circuit. The court dismissed the petitioner's appeal of his conviction and prison sentence because he waived his right to appeal as part of the plea agreement. *See United States v. Espada*, No. 13-2456, ECF No. 180 (2d Cir. Dec. 4, 2014).[2] The court ordered the appeal to proceed on the petitioner's Rule 33 motion as well as the forfeiture and restitution components of his sentence. *Id*.

The court subsequently affirmed Judge Block's denial of the Rule 33 motion, because "review of the record convince[d it] that denial of the motion was proper." *United States v. Espada*, 607 F. App'x 89, 90 (2d Cir. 2015). The court also found that Judge Block had the authority to order restitution and forfeiture without sending those questions to the jury, because the petitioner "agreed" to that "in his plea agreement." *Id.* at 91.

---

[2] The court noted, however, that the petitioner could bring a "claim that his counsel was ineffective" due to "a conflict of interest" in a § 2255 petition. No. 13-2456, ECF No. 180, at 2.

5

### D. Habeas Petitions

The petitioner filed a *pro se* petition to vacate his conviction on August 24, 2016, arguing that his trial counsel in the Eastern District—not Mr. Hochheiser—was ineffective, because she did not pursue certain legal arguments and objections. (ECF Nos. 352, 353.) The petitioner also challenged some of the Sentencing Guidelines enhancements and asked the court to clarify the restitution order. The government filed its response on February 17, 2017 (ECF No. 369), and the petitioner filed a reply on March 6, 2017 (ECF No. 370).

In September 2020, new counsel appeared for the petitioner and moved to amend his original *pro se* petition. (ECF Nos. 405, 406.) Judge Block granted the motion, and counsel filed an amended petition on March 22, 2021. (ECF No. 412.) Counsel made ineffective assistance of trial counsel arguments similar to those in the original petition, and claimed that the petitioner was deprived of due process, because Judge Block did not read a jury note into the record. Counsel also argued that Mr. Hochheiser was ineffective and coerced the petitioner into pleading guilty on the tax count.

The petition was reassigned to me on April 22, 2021.

On August 13, 2021, the petitioner's counsel moved to amend the petition a second time. (ECF No. 415). I granted the motion over the government's objection. (ECF entry dated November 4, 2022.) For the most part, the amended petition repeats arguments from the previous petitions.

## LEGAL STANDARD

Section 2255 allows a prisoner to move to set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Habeas relief is available only for "a

6

constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *LaMarco v. United States*, 336 F. Supp. 3d 152, 164 (E.D.N.Y. 2018) (quoting *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000)). A district court's "discretion to grant relief under § 2255" must "be exercised sparingly, for such applications are in tension with society's strong interest in the finality of criminal convictions." *Id.* (internal quotations and citations omitted); *see also Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993) ("the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness," and "[t]hose few who are ultimately successful in obtaining habeas relief are persons whom society has grievously wronged and for whom belated liberation is little enough compensation" (cleaned up)).

## DISCUSSION

Courts in this Circuit "have long enforced waivers" of appeals and collateral attacks. *Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2001); *see United States v. Yemitan*, 70 F.3d 746, 747–48 (2d Cir. 1995). These agreements serve "important interests of both parties:" the government avoids expense and uncertainty of further litigation, and the defendant typically receives exemption from prosecution for other crimes, a stipulation to an acceptable Guidelines sentencing range as well as the government's promise not to seek upward departures from and adjustments to that range. *Garcia-Santos*, 273 F.3d at 509. None of these goals would be met "if the defendant [were] permitted to appeal that to which he has agreed." *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (citation omitted). It is true, of course, that courts will "not enforce such a waiver" if "the defendant is challenging the constitutionality of the process by which he waived those rights," such as when "the plea agreement was entered into

7

without effective of assistance of counsel," because it would be a fundamental due process violation if "'the very product of the alleged ineffectiveness'" were "used to bar a claim of ineffective assistance of counsel." *United States v. Hernandez*, 242 F.3d 110, 113–14 (2d Cir. 2001) (quoting *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999); collecting cases).

Nevertheless, to overcome the waiver, the defendant must present a "meritorious" claim. *United States v. Monzon*, 359 F.3d 110, 118–19 (2d Cir. 2004). "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997). "If the rule were otherwise, a defendant who secured the benefits of a plea agreement by, *inter alia,* knowingly and voluntarily waiving the right to [collateral attack] could escape the fairly bargained-for . . . waiver by the simple expedient of asserting an ineffective-assistance-of-counsel claim that had no merit." *Monzon*, 359 F.3d at 119.

The petitioner claims that Mr. Hochheiser "was ineffective for coercing [him] into pleading to a time-barred count, by pushing him to accept the plea and by not engaging in any trial preparation." (ECF No. 417 at 28.) The Supreme Court has recently reaffirmed that a petitioner arguing that his counsel coerced his plea must meet "*Strickland*'s high bar." *United States v. Henry*, No. 13-CR-220, 2019 WL 288114, at *14 (E.D.N.Y. Jan. 18, 2019) (quoting *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)). To do so, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hernandez*, 242 F.3d 112 (internal quotation marks and citation omitted) (discussing *Strickland v. Washington*, 466 U.S. 668 (1984)).[3]

---

[3] A petitioner may also bring a free-standing coercion challenge not based on ineffective assistance of counsel. *E.g.*, *Garcia-Santos*, 273 F.3d at 508. But when a petitioner claims that he "enter[ed] his plea

8

The petitioner does not satisfy *Strickland*'s first prong, because he cannot show that his plea was not "a voluntary and intelligent choice among the alternative courses of action." *Henry*, 2019 WL 288114, at *14 (citation omitted). As an initial matter, the petitioner appears to concede that he understood the consequences of the plea agreement. (*See* ECF No. 414-2 at 39 (testifying, during the plea hearing, that the waiver "was the biggest part of the discussion, that lasted a long time" and that he was "very clear" about the waiver).) Thus, the petitioner's challenge appears to go solely to voluntariness. But the three reasons that he lists—that Mr. Hochheiser led him to plead guilty to a time-barred count, pushed him to accept the plea and did not prepare for trial—are nothing more than "bald statements" unsupported by any facts. *Torres*, 129 F.3d at 715.

First, the petitioner pled guilty to a superseding information for filing a fraudulent tax return "between October 27, 2006 and November 14, 2006," in violation of 26 U.S.C. § 7206(1). (ECF No. 213 at 1.) That offense has a six-year limitations period. 26 U.S.C. § 6531(5). The prosecutor filed the superseding information on October 12, 2012 (ECF No. 213)—less than six years after the offense—and the petitioner does not state any facts to the contrary.

Second, there is no evidence that Mr. Hochheiser "pushed" the petitioner to plead guilty. (ECF No. 417 at 26.) According to the petitioner, Mr. Hochheiser made "inflammatory comments" at the hearing on his motion to withdraw, and he "felt coerced into accepting a plea," because media outlets reported the comments and the reports "poisoned the potential jury pool." (*Id.* at 26, 28–29.)[4] The petitioner did not make these claims when he pled guilty; on the

---

upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation marks and citation omitted).

[4] At the hearing, Mr. Hochheiser referred to the petitioner as his "adversary" because the petitioner accused him of ethical misconduct. (ECF No. 414-1 at 9.) He also said that the petitioner's claim that he failed to secure a plea was "absolutely false" and that he had "difficulty communicating" with the

9

contrary, he specifically agreed not to challenge his plea on the ground that "Judge Pauley refused to . . . appoint him new counsel or address his complaints through any other remedy," and confirmed that he understood the details of the waiver. (ECF No. 414-2 at 33.) The petitioner participated actively at the plea hearing; he asked questions and volunteered explanations. In short, he "was intelligent, strong-willed, and regularly spoke up for [him]self," *Henry*, 2019 WL 288114, at *14, and Judge Block "was entitled to rely upon [his] sworn statements," *Hernandez*, 242 F.3d at 112.

The petitioner also contends that Mr. Hochheiser did not "engag[e] in any trial preparation," citing only Mr. Hochheiser's supposed statement that he could "'sleep through the trial and not be found to be incompetent.'" (ECF No. 417 at 26, 28.) This "self-serving, conclusory allegation[]" is not enough. *Rosenberger v. United States*, 133 F. App'x 799, 801 (2d Cir. 2005). Indeed, the petitioner had "every opportunity to" alert Judge Block to this alleged statement, but did not. *United States v. Baum*, 380 F. Supp. 2d 187, 208 (S.D.N.Y. 2005), *aff'd sub nom. United States v. Best*, 139 F. App'x 366 (2d Cir. 2005). On the contrary, he said he was "satisfied with [Mr. Hochheiser's] representation." (ECF No. 414-2 at 18.) In sum, nothing in the petition demonstrates that Mr. Hochheiser coerced the petitioner's plea.[5]

---

petitioner because the petitioner "tends to filibuster at meetings." (*Id.* at 3, 9.) These comments, made at a hearing in response to the petitioner's accusations of unethical conduct, were not coercive. *See United States v. El-Hage*, No. 16-CV-3119, 2019 WL 1915594, at *2 n.31 (S.D.N.Y. Apr. 30, 2019) (the law "require[s] more than a mere subjective belief to establish coercion"); *United States v. Baum*, 380 F. Supp. 2d 187, 208 (S.D.N.Y. 2005) ("When a guilty plea is challenged as being the product of coercion, our concern is not solely with the subjective state of mind of the defendant, but also with the constitutional acceptability of the external forces inducing the plea." (citation omitted)), *aff'd sub nom. United States v. Best*, 139 F. App'x 366 (2d Cir. 2005).

[5] The petitioner also complains that "the government seized the bank account of [his] second son . . . and threatened him with criminal charges," as well as "visited [his] 83-year old mother's home . . . to ostensibly look for [his] sister." (ECF No. 417 at 26.) Even if that were true, it is not relevant to evaluating whether Mr. Hochheiser was ineffective.

Nor can the petitioner satisfy *Strickland*'s second prong: that he would have insisted on going to trial but for Mr. Hochheiser's conduct. Despite his "*post hoc* assertions" in the petition, "contemporaneous evidence" conclusively establishes that the petitioner would not have chosen to go to trial. *Lee*, 137 S. Ct. at 1967. Notably, the petitioner claimed to Judge Pauley that Mr. Hochheiser would not negotiate a plea deal—a claim that prompted the hearing at which Judge Pauley heard testimony from Mr. Hochheiser and the petitioner, among others, and concluded that the petitioner was not credible. And eight months after the plea, in his Rule 33 motion, the petitioner claimed only that his "guilty plea was induced by the . . . verdict." (*See* ECF No. 414-3 at 17.) Significantly, the petitioner is not asking to withdraw his guilty plea in this petition, which would allow the government to retry him on twelve additional counts. Instead, in an effort to have it both ways, he wishes to keep the benefits of the bargain, and nullify the waiver portion.

Courts in this Circuit routinely uphold similar plea agreements. *See Garcia-Santos*, 273 F.3d at 508 (finding plea agreement knowing and voluntary because "petitioner signed the plea agreement," "stated to the magistrate judge that he had read and understood the plea agreement," "did not claim, in his § 2255 motion, that he had not understood the waiver contained in his plea agreement" and "did not assert explicitly or under oath that at the time of his plea he did not understand that he was giving up his right to . . . petition under § 2255"); *Monzon*, 359 F.3d at 118 (declining to entertain defendant's appeal in part because she did "not seek to withdraw her plea of guilty"); *Baum*, 380 F. Supp. 2d at 208–09 (denying defendant's request to withdraw her guilty plea because she never claimed that she was dissatisfied with counsel during the plea hearing); *Henry*, 2019 WL 288114, at *14 (denying § 2255 relief in "the absence of any

11

expression of plea-regret between the plea and sentencing proceedings"). The waiver therefore stands, and the petitioner may not collaterally attack his conviction.

## CONCLUSION

For these reasons, the petition is denied in its entirety. The case is dismissed. A certificate of appealability will not be issued. *See* 28 U.S.C. § 2553(c).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
   April 27, 2023